[No. C061165. Third Dist. Aug. 5, 2010.]

STEPHEN O. TRACKMAN, Plaintiff and Appellant, v.
MIKE KENNEY, Defendant and Respondent.

**COUNSEL**

James J. Falcone for Plaintiff and Appellant.

Stuckey Law Offices, Brad Stuckey; Law Offices of Daniel E. Garrison and Daniel E. Garrison for Defendant and Respondent.

**OPINION**

**HULL, J.**—The trial court granted defendant Mike Kenney's motion to vacate a default judgment entered in favor of plaintiff Stephen O. Trackman, finding that the evidence showed no actual service on Kenney. Trackman appealed, and argues the trial court mistakenly relied on evidence instead of determining whether the proof of service is void on its face.

Kenney does not defend the trial court's reasoning. As we shall explain, because Kenney's motion was filed more than two years after entry of judgment, the trial court's review was limited to the face of the record, and therefore the trial court erred by considering the evidence attached to Kenney's motion.

Kenney instead argues that the proof of service is void on its face, because the name of the person given the summons was stated as "John Doe, co-resident." Although this theory was not raised in the trial court, it presents a purely legal question, and we elect to reach it. We reject Kenney's contention.

Persons given legal papers often refuse to give their true legal names, and it is an established practice for process servers to identify such persons as "John Doe" or some similar name. Although the use of a fictitious name may

at times be risky, leading to a successful *evidentiary* challenge to service, it does not make a proof of service void on its face.

Accordingly, we reverse the order setting aside the judgment with directions to deny Kenney's motion.

FACTS AND PROCEEDINGS

Based on a proof of substituted service of a complaint naming Mike Kenney as defendant on "John Doe, co-resident," completed by an Arizona registered process server, at an address in Phoenix that Kenney had registered with Maricopa County as his fictitious business name address, Trackman took Kenney's default, entered on January 17, 2003. A copy of the proof of service is attached as appendix A.

A default judgment was entered on April 17, 2003.

On December 15, 2008, Kenney moved to set aside the judgment. In part he contended he was never served, and had no actual notice of the judgment until October 15, 2008, when he was served with notice of domestication of the judgment in Arizona. Kenney conceded he had owned the Phoenix house where service had been made, and had registered that address with Maricopa County as part of his fictitious business name filing. He claimed that at the time service was made, he was living at a house in Maricopa, and he had rented his Phoenix house to a tenant. Although that tenant had told him legal papers had been served at the house, Kenney thought those papers had to do with another legal matter. He claimed that other public filings existed at the time of service that connected him to the Maricopa house.

The trial court vacated the default and default judgment, ruling in pertinent part: "The evidence presented by defendant persuades the Court that he was not served with the summons and complaint and that a diligent search of public records at the time of service would have disclosed his address."

Trackman timely appealed.

DISCUSSION

I

*The Trial Court's Reasoning Was in Error*

On appeal, Kenney does not defend the trial court's reasoning. We briefly explain how the trial court erred.

Generally, a party who has not actually been served with summons has three avenues of relief from a default judgment.

First, Code of Civil Procedure section 473.5, subdivision (a) provides: "When service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against him or her in the action, he or she may serve and file a notice of motion to set aside the default or default judgment and for leave to defend the action. The notice of motion shall be served and filed within a reasonable time, but in no event exceeding the earlier of: (i) two years after entry of a default judgment against him or her; or (ii) 180 days after service on him or her of a written notice that the default or default judgment has been entered." (Undesignated statutory section references that follow are to the Code of Civil Procedure.)

■ Thus, a party can make a motion showing a lack of *actual* notice not caused by avoidance of service or inexcusable neglect, but such motion must be made no later than two years after entry of judgment, and the party must act with diligence upon learning of the judgment. (§ 473.5; see Younger & Bradley, Cal. Motions (2009–2010 ed.) § 26:30, p. 766 ["[I]t does not require a showing that plaintiff did anything improper. . . . [T]he defaulting defendant simply asserts that he or she did not have actual notice . . . ."]; *Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1444 [29 Cal.Rptr.2d 746] (*Dill*).)

Section 473.5 does not offer Kenney an avenue for relief because Kenney's motion was filed over two years after the entry of judgment.

Section 473, subdivision (d) provides in pertinent part: "The court may, . . . on motion of either party after notice to the other party, set aside any void judgment or order."

Where a party moves under section 473, subdivision (d) to set aside "a judgment that, though valid on its face, is void for lack of proper service, the courts have adopted by analogy the statutory period for relief from a default judgment" provided by section 473.5, that is, the two-year outer limit. (8 Witkin, Cal. Procedure (5th ed. 2008) Attack on Judgment in Trial Court, § 209, pp. 814–815 (Witkin); see *Rogers v. Silverman* (1989) 216 Cal.App.3d 1114, 1120–1124 [265 Cal.Rptr. 286]; *Schenkel v. Resnik* (1994) 27 Cal.App.4th Supp. 1, 3–4 [33 Cal.Rptr.2d 60]; *Gibble v. Car-Lene Research, Inc.* (1998) 67 Cal.App.4th 295, 301, fn. 3 [78 Cal.Rptr.2d 892].)

Thus, defendant cannot assert under section 473, subdivision (d) that the judgment, although facially valid, is void for lack of service.

█  Second, the party can show that extrinsic fraud or mistake exists, such as a falsified proof of service, and such a motion may be made at any time, provided the party acts with diligence upon learning of the relevant facts. (See *Manson, Iver & York v. Black* (2009) 176 Cal.App.4th 36, 47–49 [97 Cal.Rptr.3d 522] (*Manson*); *Gibble, supra,* 67 Cal.App.4th at pp. 314–315; *Munoz v. Lopez* (1969) 275 Cal.App.2d 178, 181 [79 Cal.Rptr. 563]; 8 Witkin, *supra,* § 209, p. 815.) Kenney does not allege extrinsic fraud or mistake in this case.

Both of these first two avenues of relief generally hinge on *evidence* about the method of purported service.

We note that evidence may also be considered where there is a claim of lack of jurisdiction, e.g., based on lack of minimum contacts with the forum. (See *Strathvale Holdings v. E.B.H.* (2005) 126 Cal.App.4th 1241, 1249 [25 Cal.Rptr.3d 372].) Kenney does not make such a claim.

█  The third avenue of relief is a motion to set aside the default judgment on the ground that it is facially *void*. (§ 473, subd. (d) ["The court may . . . set aside any void judgment . . ."]; see *Manson, supra,* 176 Cal.App.4th at p. 43.) "A judgment or order that is invalid on the face of the record is subject to collateral attack. [Citation.] It follows that it may be set aside on motion, with no limit on the time within which the motion must be made." (8 Witkin, *supra,* § 207, p. 812.) This does not hinge on evidence: A void judgment's invalidity appears on the *face of the record*, including the proof of service. (See *Morgan v. Clapp* (1929) 207 Cal. 221, 224–225 [277 P. 490]; *Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 496 [52 Cal.Rptr.3d 862].)

The trial court found that Kenney's declarations showed he was not actually served, and that another address could have been found for him. But because Kenney's motion was filed more than two years after the entry of judgment, his declarations were irrelevant. The only avenue of relief open to him was to show that the judgment was void, by showing the proof of service was void on its face. (See *Ellard v. Conway* (2001) 94 Cal.App.4th 540, 544 [114 Cal.Rptr.2d 399].)

We note that Kenney's initial declaration was not signed under penalty of perjury "under the laws of the State of California" as required. (§ 2015.5; see

also *Kulshrestha v. First Union Commercial Corp.* (2004) 33 Cal.4th 601, 610–611 [15 Cal.Rptr.3d 793, 93 P.3d 386].) Kenney apparently filed a supplemental declaration in the same form, but it is not in the record on appeal. Trackman objected based on the defective attestations. (Cf. *Fuller v. Goodyear Tire & Rubber Co.* (1970) 7 Cal.App.3d 690, 693 [86 Cal.Rptr. 705] [lack of objection forfeits such claim].) Kenney claimed Trackman's objection was untimely. The trial court did not address whether Trackman's objection was timely. In light of our disposition, we need not resolve that question.

Thus, the trial court erred by considering the evidence, as Kenney tacitly concedes by not defending the trial court's ruling.

## II

### *The Proof of Service Is Not Void on Its Face*

For the first time on appeal, Kenney argues that the proof of service is *void on its face*, because the true name of the person given the summons was not used; he was instead identified as "John Doe, co-resident."

Trackman argues that, had this theory been raised in the trial court, Trackman could have produced evidence defending the proof of service. Trackman's contention overlooks the point—relied on by Trackman elsewhere—that whether a proof of service is *void* does not depend on evidence outside the face of the record. Further, "[w]hether a judgment is void due to improper service is a question of law that we review de novo." (*Sakaguchi v. Sakaguchi* (2009) 173 Cal.App.4th 852, 858 [92 Cal.Rptr.3d 717].) Because Kenney's new claim does not depend on evidence, and raises a purely legal question, we have discretion to consider it. (9 Witkin, *supra*, Appeal, § 406, pp. 464–465.) Further, we generally review a trial court's ruling, not its reasoning. (See *Schabarum v. California Legislature* (1998) 60 Cal.App.4th 1205, 1216 [70 Cal.Rptr.2d 745].) Accordingly, we elect to address the new, purely legal, theory that the proof of service is void on its face.

Section 415.20, subdivision (b), provides in part: "If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served . . . a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office,

place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left."

■ Section 417.10, subdivision (a), provides that a proof of service made within this state must "recite or in other manner show the name of the person to whom a copy of the summons and of the complaint were delivered, and, if appropriate, his or her title or the capacity in which he or she is served." This provision also applies to service made outside the state. (§ 417.20, subd. (a).)

Kenney contends that "John Doe, co-resident" is not "the name of the person to whom a copy of the summons and of the complaint were delivered," as required by statute (§ 417.10, subd. (a)), and therefore the proof of service is void. We disagree with this contention.

■ Persons in apparent charge of businesses and residences often refuse to give their true legal names. For this reason, it is an accepted practice to name such a person as "John Doe" or similar fictitious name, or by description. Although we have not found a case directly addressing this point, several cases have upheld such proofs of service without disapproval.

In *Hearn v. Howard* (2009) 177 Cal.App.4th 1193 [99 Cal.Rptr.3d 642], substituted service was made on the clerk of a private post office box store, "identified as ' "John Doe" (Caucasian male; 5'5"; 40's; 170 lbs; wearing baseball cap).' " (*Id.* at p. 1198; see also *id.* at pp. 1201–1202.)

In *Stafford v. Mach* (1998) 64 Cal.App.4th 1174 [75 Cal.Rptr.2d 809], valid service was made on " 'John Doe, co-occupant, (Asian M, 5'6", 150 lbs, 30–40 YR, Blk Hair).' " (*Id.* at p. 1178; see also *id.* at p. 1183.)

In *Bein v. Brechtel-Jochim Group, Inc.* (1992) 6 Cal.App.4th 1387 [8 Cal.Rptr.2d 351] (*Bein*), substituted service was made as to the Jochim defendants by service on a " 'Linda Doe,' " as she left the Jochim residence, and as to the Brechtel defendants by service on an *unnamed* guard at the gate of their gated community. (*Id.* at pp. 1390–1391.) The court did not explicitly address the "Linda Doe" service, but upheld the substituted service on the unnamed gate guard, reasoning in part as follows: "Appellants further maintain the declaration of attempted service was invalid because it failed to identify the person to be served on behalf of the corporation. But minor, harmless deficiencies will not be allowed to defeat service." (*Id.* at p. 1394.)

The point just made—that minor deficiencies will not be allowed to defeat service—represents a break from older authorities requiring strict compliance for completion of constructive service. (See, e.g., *Pinon v. Pollard* (1945) 69 Cal.App.2d 129, 133 [158 P.2d 254].) The new rule stems from a holding of the California Supreme Court: After briefly describing the "comprehensive revision" to the statutes on service of process in 1969, which included the adoption of substituted service (see Stats. 1969, ch. 1610, § 3, pp. 3363, 3366), the California Supreme Court quoted approvingly from a treatise stating that a " 'liberal construction rule, it is anticipated, will eliminate unnecessary, time-consuming, and costly disputes over legal technicalities, without prejudicing the right of defendants to proper notice of court proceedings,' " and stated "the desirability of liberal construction of the new statutes." (*Pasadena Medi-Center Associates v. Superior Court* (1973) 9 Cal.3d 773, 778 [108 Cal.Rptr. 828, 511 P.2d 1180] (*Pasadena*).)

Learned treatises have acknowledged the problem of persons who refuse to give their true legal names to process servers. (1 Lambden et al., Cal. Civil Practice (2008) Service of Process and Other Papers, § 6:73, p. 6-73 [providing form proof of service, approving of statement "On my third attempt I left a copy . . . with the gate guard"]; 1 Civil Procedure Before Trial (Cont.Ed.Bar 4th ed. 2010) Service of Summons, § 17.50, pp. 802–803 [albeit cautioning against relying on proofs of service without a name].)

The evident purpose of the requirement that the proof of service "recite or in other manner show the name" (§ 417.10, subd. (a)) of the recipient is to enable the recipient to be located in the future, should the claim of service be challenged. The statement that "John Doe, co-resident" received service at a specific address satisfies this purpose. Generally speaking, it would not be difficult for Kenney to determine who was living at the house he concededly owned on the relevant date, in order to contest service.

Further, section 417.10, subdivision (a), does not state that the "name" in the proof of service must be the *true legal name* of the person. "In the construction of a statute . . . the office of the Judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted . . . ." (§ 1858; see *Adoption of Kelsey S.* (1992) 1 Cal.4th 816, 826–827 [4 Cal.Rptr.2d 615, 823 P.2d 1216] [referring to "the cardinal rule that courts may not add provisions to a statute"].) Given the widespread practice of using a description (e.g., "gate guard") or fictitious name (e.g., "Linda Doe"), and the California Supreme Court's holding that the service statutes should be liberally construed (see *Pasadena, supra*, 9 Cal.3d at p. 778), we see no

reason to insert into the statute a requirement that the *true legal name* be used. (See *Estate of Dye* (2001) 92 Cal.App.4th 966, 984 [112 Cal.Rptr.2d 362] ["The practice of the bar is a good indication of a statute's meaning, particularly where, as here, there has been legislative acquiescence."]; *Prichard v. Southern Pacific Co.* (1935) 9 Cal.App.2d 704, 706 [51 P.2d 428] [upholding practice that "is efficient, economical, and has been found over a long period of time to be acceptable to the bench and bar of this state"].)

Kenney relies on *Dill, supra*, 24 Cal.App.4th 1426. *Dill* held that two corporations were improperly served by notices addressed to the corporations, not to any of the persons described by statute as authorized to receive notice on behalf of corporations. (*Id.* at pp. 1432–1433, 1441.) The court noted that had Dill served any such person by *title*, that would have sufficed: "If the names of those officers are unknown to a plaintiff, we see no problem in addressing them solely by their titles." (*Id.* at p. 1438, fn. 11.) Thus, properly read, *Dill* cuts against Kenney's view that the true legal name of a person who receives legal papers is always required.

Kenney does not suggest any other basis on which the proof of service is void on its face, and we see none.

█ The process server declared she had been to the property on three previous dates. " 'Ordinarily, . . . two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made.' " (*Espindola v. Nunez* (1988) 199 Cal.App.3d 1389, 1392 [245 Cal.Rptr. 596].) █ The process server declared that she checked "the County Recorder's Office and found a Certificate of DBA showing Mike Kenney's home and business address to be . . . Bannock Street, Phoenix, AZ 85044." Leaving papers with an apparent coresident at an address publicly registered by the defendant, as required by law, is a method of service reasonably calculated to achieve actual service, and is therefore facially valid, whether or not *actual* service is accomplished on the facts of a given case. (See *People ex rel. Reisig v. Broderick Boys* (2007) 149 Cal.App.4th 1506, 1511 [59 Cal.Rptr.3d 64]; *Bein, supra*, 6 Cal.App.4th at p. 1392.)

Accordingly, we conclude the proof of service is not facially void, and Kenney's motion therefore lacked merit.

## Disposition

The order granting Kenney's motion to vacate the default and default judgment is reversed with directions to deny the motion. Kenney shall pay Trackman's costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)

Blease, Acting P. J., and Raye, J., concurred.

## SUPERIOR COURT STATE OF CALIFORNIA

TRACKMAN v. HI TECH MOTORSPORTS INC., et al.          )          CASE # <u>99 AS 02554</u>
### DECLARATION OF DILIGENCE

I am and was on the dates herein indicated, over the age of 18 and not a party to this action. My business address is:
Trackdown, Inc.
PO Box 56846
Phoenix, AZ 85079-6846

I received the within process on 8/9/01 and that after due and diligent effort, I have been unable to effect personal service on: MIKE KENNEY
in the matter of Trackman v. HiTech et al.
with copies of SUMMONS, COMPLAINT, CASE NOTICE, & ADR INFO
residence & business address: 4333 E. Bannock Street, Phoenix, AZ 85044*

| Dates & Times Attempted | Reason for Non-Service |
| --- | --- |
| 08/15/01 @ 7:45 p.m. | not home |
| 090/5/01 @ 6:01 a.m. | not home |
| 12/22/01 @ 2:37 p.m. | not home |
| 12/26/01 @ 6:33 p.m. | not home; sub-served John Doe, co-resident at same address. |

* I checked the County Recorder's Office and found a Certificate of DBA showing Mike Kenney's home and business address to be 4333 E. Bannock Street, Phoenix, AZ 85044.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct. Fee: $67.20   Executed on ____12/26/2001____ 2002 at Phoenix, AZ

JILL C. SLAVIN

## PROOF OF SERVICE BY MAIL

I am and was on the dates herein indicated, over the age of 18 and not a party to this action. My business address is
Trackdown, Inc.
PO Box 56846
Phoenix, AZ 85079-6846

On <u>12/26/2001</u> 2001, after substituted service under CCP section 415.20(a) or Section 415.20(b) was made, I served the within SUMMONS, COMPLAINT, CASE NOTICE, & ADR INFO

on the within named MIKE KENNEY
in the matter of Trackman v. HiTech et al.

by placing a true copy thereof in a sealed envelope with postage fully prepaid for first class in the United States mail, and addressed as follows:
Mike Kenney
4333 E. Bannock Street
Phoenix, AZ 85044

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.
Executed on ____12/26/2001____ at Phoenix, AZ

JILL C. SLAVIN

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and ...)
James J. Falcone, Esq.  sbn 131235
Law Office of James J. Falcone
400 Capitol Mall, Suite 900
Sacramento, CA 95814

TELEPHONE NO. 916/449-3938

Ref. No. or File No.

ATTORNEY FOR (Name):  Stephen Trackman

In serving name of court and name of judicial district and branch court, if any:
Sacramento Superior Court

FOR COURT USE ONLY

SHORT TITLE OF CASE
Trackman v. HiTech

| PROOF OF SERVICE (Summons) | DATE: | TIME: | DEPT./DIV. | CASE NUMBER 99 AS 02554 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action, and I served copies of the *(specify documents)*: Summons & Complaint, Case Notice, ACT Notice

2. a. Party served *(specify name of party as shown on the documents served)*
   MIKE KENNEY

   b. Person served:  ☒ party in item 2a   ☒ other *(specify name and title or relationship to the party named in item 2a)*
   sub-served John Doe; co-resident of Mike Kenney
   c. Address: 4333 E. Bannock Street
   Phoenix, AZ  85044

3. I served the party named in item 2
   a. ☐ by personally delivering the copies  (1) on  *(date)*:                          (2) at *(time)*:
   b. ☒ by leaving the copies with or in the presence of *(name and title or relationship to person indicated in item 2b)*
      John Doe, co-resident
      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person served  I informed him or her of the general nature of the papers.
      (2) ☒ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the person served  I informed him or her of the general nature of the papers.
      (3) on *(date)*:12/26/01                 (4)  at *(time)*: 6:33 pm.
      (5) ☒ A declaration of diligence is attached *(Substituted service on natural person, minor, conservatee, or candidate.)*
   c. ☐ by mailing the copies to the person served, addressed as shown in item 2c, by first-class mail, postage prepaid,
      (1) on *(date)*:                          (2) from *(city)*:
      (3) ☐ with two copies of the Notice and Acknowledgment of Receipt and a postage-paid return envelope addressed to me
      (4) ☐ to an address outside California with return receipt requested.     ☐ *(Attach completed form.)*
   d. ☐ by causing copies to be mailed.  A declaration of mailing is attached
   e. ☐ other *(specify other manner of service and authorizing code section)*

4. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☒ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify)*:
   c. ☐ on behalf of *(specify)*:
      under:  ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)         ☐ other:
             ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
             ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (individual)

5. Person serving *(name, address, and telephone No.)*:
   Jill C. Slavin
   Trackdown, Inc.
   PO Box 56846
   Phoenix AZ 85079-6846
   Registered Process Server in Maricopa Co. AZ

   a. Fee for service: $
   b. ☒ Not a registered California process server
   c. ☐ Exempt from registration under B&P § 22350(b).
   d. ☐ Registered California process server.
      (1) ☐ Employee or independent contractor.
      (2) Registration No.:  2028
      (3) County:  Maricopa, Arizona

6. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct
7. ☐ I am a California sheriff, marshal, or constable and I certify that the foregoing is true and correct.

Date:  12/26/01

(SIGNATURE)

Form Adopted by Rule 982
Judicial Council of California
982(a)(23) [New July 1, 1987]
Martin Dean's Essential Forms TM

PROOF OF SERVICE
(Summons)

Code Civ. Proc. § 417.10(f)

APPENDIX A