Filed 2/26/14  Ha v. PS Marketing CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DENNIS HA,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>PS MARKETING, INC.,<br><br>    Defendant;<br><br>CRYSTAL BERGSTROM,<br><br>    Intervener and Appellant. | G048092<br><br>(Super. Ct. No. 30-2011-00527938)<br><br>O P I N I O N |

        Appeal from an order of the Superior Court of Orange County, Geoffrey T. Glass, Judge.  Reversed and remanded with directions.

        Crystal Bergstrom, in pro per., for Intervener and Appellant.

        Law Offices of Jeffrey S. Benice and Jeffrey S. Benice for Plaintiff and Respondent.

*        *        *

## INTRODUCTION

Plaintiff and respondent Dennis Ha brought an independent action for abuse of process and to set aside a default judgment against him on the ground he had never been served with process. Intervener and appellant Crystal Bergstrom brought a special motion to strike Ha's complaint under the anti-SLAPP[1] statute, Code of Civil Procedure section 425.16 (section 425.16). The trial court denied the motion, and Bergstrom appeals.

The trial court erred by denying the motion. In his respondent's brief, Ha concedes the abuse of process cause of action is subject to a special motion to strike under section 425.16. The cause of action to set aside the default judgment arose from the activity, protected under section 425.16, subdivision (b)(1), of filing and prosecuting a civil action. In addition, the cause of action to set aside the default judgment arose from protected activity because the gravamen of that cause of action was the communicative act of filing a proof of service on which the default judgment was obtained.

Because the cause of action to set aside the default judgment arose from protected activity, the burden shifted to Ha to demonstrate a probability of prevailing on the merits. In opposing the special motion to strike, Ha presented no evidence to meet that burden, and, on appeal, Ha does not argue he probably would prevail in his action to set aside the default judgment. We therefore reverse the order denying Bergstrom's special motion to strike under section 425.16 and remand with directions to grant the motion.

## BACKGROUND

In September 2002, PS Marketing, Inc., obtained a default judgment in the amount of $37,520.38 against Data Connection, Inc., and Ha in Orange County Superior

---

[1] SLAPP stands for strategic lawsuit against public participation. (*People ex rel. Strathmann v. Acacia Research Corp.* (2012) 210 Cal.App.4th 487, 491, fn. 1.)

2

Court case No. 01CC08261.  In August 2011, PS Marketing, Inc., assigned the judgment to Bergstrom doing business as Judicial Judgment Enforcement Services.

In December 2011, Ha filed an unverified complaint against PS Marketing, Inc., to collaterally challenge that default judgment.  Ha asserted two causes of action: (1) to set aside void judgment and (2) abuse of process.  In his complaint, Ha alleged: "On or about June 26, 2001, Defendant commenced a legal action in the Orange County Superior Court entitled '*PS Marketing, Inc. v. Data Connection Date ("Data"), Inc. and Dennis Ha, Orange County Superior Court Case No. 01CC08261*' (the 'Action').  [¶] . . . On or about September 12, 2002, Defendant entered a judgment in the Action against Defendants Data and Ha.  Ha had ceased any employment or business involvement with Data in 2001.  At no time was Ha served with process of Defendant's complaint in the Action and at no time did he have any knowledge of the Complaint's or judgment's existence.  Ha only discovered the existence of the judgment in August-September 2011, when he received a copy of the judgment for the first time in the mail at his home . . . . [¶] . . . Because the complaint in the action was never properly served on Ha, the judgment entered against him is void as a matter of law and must be set aside.  Ha accordingly seeks an order of the Court setting aside the void judgment."

In August 2012, Bergstrom was granted leave to intervene as a defendant. She then brought a special motion to strike Ha's complaint pursuant to section 425.16.  In support of the motion, Bergstrom requested the court take judicial notice of the proof of service, judgment by default, and acknowledgment of the assignment of judgment in case No. 01CC08261.  Ha opposed Bergstrom's special motion to strike.  He presented no evidence in opposition to the motion.

The trial court denied Bergstrom's special motion to strike with the explanation, "[t]he plaintiff states the facts for an abuse of process claim."  Bergstrom timely appealed from the order denying her special motion to strike.

3

## BANKRUPTCY ISSUES

At oral argument, Bergstrom informed us that Ha was the debtor in a chapter 11 bankruptcy proceeding. Several days after oral argument, Ha submitted a "Notice of Bankruptcy Proceeding" informing us that on June 7, 2012, he had filed a chapter 11 bankruptcy petition in the United States Bankruptcy Court, case No. 8:12-bk-17113-CB and that proceeding remained pending. Suits commenced by the debtor, such as this one, are not subject to the automatic bankruptcy stay of 11 United States Code section 362(a). (*In re Merrick* (Bankr. 9th Cir. 1994) 175 B.R. 333, 337-338.) "The stay does not prevent a plaintiff/debtor from continuing to prosecute its own claims nor does it prevent a defendant from protecting its interests against claims brought by the debtor. [Citation.] This is true, even if the defendant's successful defense will result in the loss of an allegedly valuable claim asserted by the debtor." (*In re Palmdale Hills Property, LLC* (9th Cir. 2011) 654 F.3d 868, 875.) Neither party has submitted evidence to suggest the bankruptcy trustee has obtained a discretionary stay of this action.

Bergstrom requested we take judicial notice of a "Notice of Intent to Abandon State Court Action," filed on March 22, 2013 by the chapter 11 bankruptcy trustee for the estate of Ha. We vacated submission, granted the request for judicial notice, and resubmitted this matter. In the notice of intent to abandon the state court action, the bankruptcy trustee had represented that she intended to abandon "that certain state court action entitled *Ha v. P.S. Marketing, Inc. et al.*, which is currently pending in the Orange County Superior Court, County of Orange (Case No. 30-2011-00527938 . . . )."

Accordingly, nothing in the bankruptcy proceeding precludes us from hearing and deciding this appeal. We turn to the merits.

4

## I.

## Means to Obtain Relief from a Default Judgment

Before addressing section 425.16, and by way of background, we examine the means by which a party may seek relief from a default judgment. "Generally, a party who has not actually been served with summons has three avenues of relief from a default judgment." (*Trackman v. Kenney* (2010) 187 Cal.App.4th 175, 180 (*Trackman*).) First, a party may bring a motion under Code of Civil Procedure section 473.5, subdivision (a) on the ground that service of summons did not result in "actual notice to a party in time to defend the action." Such a motion must be made no later than two years after entry of judgment, and the party must act with diligence upon learning of the judgment. (Code Civ. Proc., § 473.5; see *Trackman*, *supra*, at p. 180.)

Second, a party may seek to set aside a default judgment on the ground of extrinsic fraud or mistake, such as a falsified proof of service. (*Trackman*, *supra*, 187 Cal.App.4th at p. 181.)

Third, a party may collaterally attack the default judgment on the ground it is void on its face. (*Trackman*, *supra*, 187 Cal.App.4th at p. 181.) "A judgment void on its face because rendered when the court lacked personal or subject matter jurisdiction or exceeded its jurisdiction in granting relief which the court had no power to grant, is subject to collateral attack at any time." (*Rochin v. Pat Johnson Manufacturing Co.* (1998) 67 Cal.App.4th 1228, 1239.) A party may collaterally attack a default judgment either by an independent action or by defending an action to enforce the judgment. (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2013) ¶¶ 3:404, pp. 3-94 to 3-95 (rev. # 1, 2013) & 5:489, p. 5-114 (rev. # 1, 2013).) A collateral attack on a facially void judgment does not "hinge on evidence" because "[a]

void judgment's invalidity appears on the *face of the record*, including the proof of service." (*Trackman*, *supra*, at p. 181.)

Ha's cause of action to set aside the default judgment must of necessity fall within the second or third category. Ha did not bring his lawsuit within two years of the entry of the default judgment. He brought an independent action to collaterally attack the default judgment over nine years after its entry. Ha, therefore, would have to establish either fraud or mistake (second category), or that the default judgment is void on its face (third category).

## II.

### Ha's Independent Action to Set Aside the Default Judgment Was Subject to a Special Motion to Strike Under Section 425.16.

A. *Section 425.16*

"Section 425.16 provides for a special motion to strike '[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue.' (§ 425.16, subd. (b)(1).)" (*Cabrera v. Alam* (2011) 197 Cal.App.4th 1077, 1085.)

The trial court undertakes a two-step analysis in deciding the merits of a motion made under section 425.16. First, the court must decide whether the defendant has made a threshold showing that the challenged cause of action arose from the defendant's protected activity. (*Taus v. Loftus* (2007) 40 Cal.4th 683, 712.) If the defendant fails to satisfy this burden, then the special motion to strike must be denied. (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 76.) If the trial court finds that such a showing has been made, then the court must decide whether the plaintiff has demonstrated a probability of prevailing on the challenged cause of action. (*Ibid.*) We

6

independently review the trial court's order granting or denying a special motion to strike under the de novo standard. (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 325-326.)

B. *First Step: Arising from Protected Activity*

"Under Code of Civil Procedure section 425.16 '[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech . . . shall be subject to a special motion to strike. . . .' [Citation.] 'A cause of action "arising from" defendant's litigation activity may appropriately be the subject of a section 425.16 motion to strike.' [Citation.] 'Any act' includes communicative conduct such as the filing, funding, and prosecution of a civil action. [Citation.] This includes qualifying acts committed by attorneys in representing clients in litigation. [Citations.]" (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1056 (*Rusheen*).)

In *Rusheen*, *supra*, 37 Cal.4th at page 1052, the California Supreme Court held that actions taken to collect a judgment, such as obtaining a writ of execution and levying on a judgment debtor's property, are protected by the litigation privilege of Civil Code section 47, subdivision (b). In *Rusheen*, Attorney Barry E. Cohen, who represented Niki Han in an action against Terry Rusheen, filed a declaration of service signed by a process server, which was later used to obtain a default judgment against Rusheen. (*Rusheen*, *supra*, at p. 1053.) The process server declared under penalty of perjury that he had personally served Rusheen with the summons and complaint. (*Ibid*.) After execution actions were taken against his property, Rusheen moved to vacate the default judgment and filed a cross-complaint against Cohen for abuse of process. (*Id.* at pp. 1053-1054.) Rusheen alleged that Cohen had failed to serve the complaint properly, filed false declarations of service, taken an improper default judgment against him, and permitted his client to execute on the judgment. (*Id.* at p. 1054.)

Cohen brought a special motion to strike the cross-complaint under the section 425.16, asserting there was no reasonable probability Rusheen would prevail

7

because Cohen's conduct was privileged under Civil Code section 47, subdivision (b). (*Rusheen*, *supra*, 37 Cal.4th at p. 1054.) The trial court granted the motion, but the Court of Appeal reversed. (*Ibid.*)

The California Supreme Court reversed the Court of Appeal. The Supreme Court concluded that "where the cause of action is based on a communicative act, the litigation privilege extends to those noncommunicative actions which are necessarily related to that communicative act." (*Rusheen*, *supra*, 37 Cal.4th at p. 1052.) The litigation privilege of Civil Code section 47, subdivision (b) protects the communicative act of filing a declaration of service. Even if levying on property involves a noncommunicative physical act, the gravamen of the abuse of process cause of action was the communicative act of filing the declaration of service, and "the litigation privilege extends to noncommunicative acts that are necessarily related to the communicative conduct." (*Rusheen*, *supra*, at pp. 1061, 1065.)

In this case, Ha has conceded his abuse of process cause of action is subject to a special motion to strike under section 425.16. Although *Rusheen* does not address an equitable cause of action to set aside a default judgment, its reasoning compels the conclusion that such a cause of action arises from the defendant's litigation activity on two grounds.

First, the protected acts of "filing, funding, and prosecution of a civil action" (*Rusheen*, *supra*, 37 Cal.4th at p. 1056) would include service of process and obtaining a default judgment. (See *Church of Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628, 647 [independent action to set aside judgment obtained in a prior lawsuit following a jury trial arose from protected activity], disapproved on other grounds in *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 68, fn. 5.)

Second, the gravamen of Ha's cause of action to set aside the default judgment is the communicative act of filing a declaration of service. In seeking to set aside the default judgment, Ha alleged he was not served with process of the complaint in

8

the action and did not learn of the existence of the action or of the default judgment until August or September 2011. In support of the special motion to strike, Bergstrom requested the trial court take judicial notice of the file-stamped copy of the proof of service signed by the process server. The process server declared under penalty of perjury he personally served Ha with the summons and complaint on January 15, 2002. By alleging the default judgment was improperly taken, Ha was, in effect, challenging the veracity of the declaration of service. Thus, under *Rusheen*, Ha's cause of action to set aside the default judgment arose from the communicative act of filing a proof of service.

C. *Second Step: Probability of Prevailing on the Merits*

Because the cause of action to set aside the default judgment arose from protected activity, Ha had the burden of demonstrating a probability of prevailing. To establish a probability of prevailing, "'the plaintiff "must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited."'" (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 820.) In deciding the issue of probability of prevailing, we consider the evidentiary submissions of both the plaintiff and the defendant, but do not weigh credibility and accept as true evidence favorable to the plaintiff. (*Ibid.*)

In the trial court, Ha presented no evidence of extrinsic fraud or mistake. He submitted no evidence whatsoever. He failed to meet his burden of demonstrating the complaint was supported by a sufficient prima facie showing of facts to sustain a judgment in his favor. Bergstrom submitted the declaration of service from the process server and the default judgment. Neither in the trial court nor on appeal has Ha argued those documents reveal the judgment is void on its face.

9

**DISPOSITION**

The order denying the special motion to strike is reversed and the matter is remanded with directions to grant the motion and strike the complaint. Appellant shall recover costs incurred on appeal.


FYBEL, J.

WE CONCUR:


O'LEARY, P. J.


RYLAARSDAM, J.