Filed 5/2/23  Preovolos Lewin, ALC v. Ponce CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| PREOVOLOS LEWIN, ALC, | D080406 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2021-00034729-CU-BC-CTL) |
| AURORA PONCE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, John Meyer, Judge.  Affirmed.

Aurora Ponce, in pro. per., for Defendant and Appellant.

Preovolos Lewin, ALC and James M. Hester for Plaintiff and Respondent.

Aurora Ponce appeals a default judgment entered against her and in favor of Preovolos Lewin, ALC (Preovolos Lewin) on March 23, 2022.  She contends she did not receive actual notice of the lawsuit until after the

default judgment was entered and argues Code of Civil Procedure[1] section 473.5 allows a court to set aside a default judgment in that circumstance. Ponce did not, however, file a motion seeking that relief below. We affirm the default judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Preovolos Lewin filed a form complaint against Ponce for breach of contract and common counts, on August 13, 2021. Attached to the complaint was an attorney-client fee agreement between Preovolos Lewin (the attorney), and Ponce and Robert B. Ryan (the clients). The complaint sought damages in the amount of $25,464.96, plus fees and costs.

On September 9, 2021, Preovolos Lewin filed a proof of service of the summons and complaint by substituted service. The proof of service stated that on August 29, 2021, a registered process server left the summons and complaint with a male occupant at 5313 Old Dairy Court, Bonita, California 91902 (the Old Dairy Court address). A declaration of mailing certified that the summons and complaint were mailed to the Old Dairy Court address the next day. A declaration of diligence showed that the process server previously attempted to personally serve Ponce at the Old Dairy Court address on August 19, 22, 24, and 26, 2021.

Preovolos Lewin filed a request for entry of default and a clerk's judgment. On March 23, 2022, the clerk entered a default judgment against Ponce in the amount of $27,905.71, including fees and costs.

On April 1, 2022, Ponce filed an ex parte application, which stated that the type of relief requested was "REMOTE APPEARANCE (PLAINTIFF

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise specified.

2

UNKNOW)" and the reason ex parte relief was necessary was "SUMMARY OF PLAINTIFF." Ponce appeared for the hearing on her own behalf and counsel for Preovolos Lewin also appeared. The minute order indicates the court "state[d] it is unclear as to today's ex parte request." After clarification that default judgment was entered against Ponce, and after inquiry of Ponce regarding her request, the court stated "it appears defendant is request[ing] a Motion to Set Aside Judgment. . . . The Court having heard from defendant and counsel states it cannot do anything this morning. The Court suggests defendant seek legal counsel."[2]

Ponce did not file any other motion in the superior court and instead filed the instant appeal from the default judgment.

DISCUSSION

Ponce's only argument on appeal is that section 473.5 allows a court to set aside a default judgment when a defendant did not receive actual notice of a lawsuit. She contends she did not receive actual notice of Preovolos Lewin's lawsuit until after the default judgment was entered and collections started. Without any support in the record, she claims she moved from the Old Dairy Court address in December 2020, she had no contact or connection to anyone at that address, and Preovolos Lewis knew where her business was located but made no attempt to serve her at that location.[3]

Section 473.5 provides in pertinent part: "When service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against him or her in the

---

[2] There is no reporter's transcript for this hearing.

[3] Ponce either provides no record citations, or the pages in the record she cites to do not support these factual assertions.

3

action, he or she may serve and file a notice of motion to set aside the default or default judgment and for leave to defend the action. The notice of motion shall be served and filed within a reasonable time, but in no event exceeding the earlier of: (i) two years after entry of a default judgment against him or her; or (ii) 180 days after service on him or her of a written notice that the default or default judgment has been entered." (§ 473.5, subd. (a).)

A person may be properly served but lack actual notice of the litigation. "Actual notice" under section 473.5 means genuine knowledge of the party litigant. (*Ellard v. Conway* (2001) 94 Cal.App.4th 540, 547.) We review the court's findings regarding actual notice for abuse of discretion. (*Ibid*.)

Ponce contends for the first time on appeal that she did not receive actual notice of the summons and complaint until after default judgment was entered against her. However, she did not make a motion below to set aside the default judgment under section 473.5. She was required to present these arguments to the trial court in the first instance, with supporting evidence, and within the time frames provided. (See *DiCola v. White Brothers Performance Products, Inc.* (2008) 158 Cal.App.4th 666, 676 [an argument generally will not be considered if it is raised for the first time on appeal, because it would be unfair to the other party and the trial court].)

An argument that a judgment is void *on its face* can be reviewed for the first time on appeal because it does not depend on evidence and raises a purely legal question. (See e.g., *Trackman v. Kenney* (2010) 187 Cal.App.4th 175, 185 [considering, for the first time on appeal, argument that proof of substitute service was void *on its face* because it did not recite the true name of the person given the summons, who was instead identified as "John Doe, co-resident"].) "A judgment 'is considered void on its face only when the invalidity is apparent from an inspection of the judgment roll or court record

4

without consideration of extrinsic evidence.' [Citation.] When a default judgment has been taken, the judgment roll consists of 'the summons, with the affidavit or proof of service; the complaint; the request for entry of default . . . , and a copy of the judgment.' (§ 670, subd. (a).)" (*Kremerman v. White* (2021) 71 Cal.App.5th 358, 370.)

However, Ponce does not argue that the default judgment is void on its face. And her claim that she did not live at the address listed on the proof of service amounts to an argument that the judgment is valid on its face but void for improper service. (*Ellard v. Conway, supra,* 94 Cal.App.4th at p. 544 [under § 473, subd. (d), court may set aside default judgment that is valid on its face, but void due to improper service].) This argument requires consideration of extrinsic evidence (Evid. Code, § 647 [service by a registered process server creates a presumption that service was proper, which must be overcome by admissible evidence]), again, something we cannot do for the first time on appeal. (*Kremerman v. White, supra,* 71 Cal.App.5th at p. 370 ["If the invalidity [of a default judgment can be shown only through consideration of extrinsic evidence, such as declarations or testimony, the order/judgment is not void on its face"].) We express no opinion, either procedurally or on the merits, as to the propriety of a motion to set aside the default judgment below.

5

## DISPOSITION

The default judgment is affirmed.  Preovolos Lewin to recover costs on appeal.

CASTILLO, J.

WE CONCUR:


McCONNELL, P. J.


BUCHANAN, J.