Filed 8/29/23  RevereIT v. Neelinfo CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| REVEREIT, LLC,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>NEELINFO, INC. et al.,<br><br>    Defendants and Appellants. | H050019<br>(Santa Clara County<br>Super. Ct. No. 2014-1-CV-266788) |

## MEMORANDUM OPINION

After considering briefing and oral argument, we resolve this case by memorandum opinion under California Standards of Judicial Administration, Title 8, Standard 8.1.  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853–855.)

This appeal concerns a judgment entered in 2016.  In June of that year, plaintiff RevereIT, LLC obtained a default judgment for $104,503.40 against defendants Neelinfo, Inc. and Kishore Kethineni.  Five years later defendants moved to set aside the default judgment under Code of Civil Procedure section 473, subdivision (d), asserting the summons and complaint were served at the wrong address.   In support of the motion, Kethineni submitted a declaration attesting he is the CEO of Neelinfo and the company has never been located at the address shown on the proof of service.  Kethineni further stated he does not know the person listed as having accepted service nor has that person has ever been employed by Neelinfo.

The trial court denied defendants' motion based on Code of Civil Procedure section 473.5, reasoning that a motion to set aside a default judgment after more than two years can succeed only if the judgment is facially void. Defendants appeal that ruling. Whether a judgment is void is a legal question we review de novo. (*Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 495.)

Although Code of Civil Procedure section 473, subdivision (d) allows a court to set aside any void judgment, where a party seeks to set aside a default judgment for lack of proper service, courts have required that motions under that section satisfy Code of Civil Procedure section 473.5, which limits the time for bringing a noticed motion to the earlier of two years from the date judgment was entered or 180 days after notice of entry of judgment. (Code Civ. Proc., § 473.5, subdivision (a).) Defendants apparently received timely notice of entry of judgment, as they do not contend otherwise here. Having brought their motion more than two years after the default judgment, defendants must show the judgment is facially void; that is, they must show invalidity based solely on the record of judgment and proof of service, without relying on extrinsic evidence. (*Trackman v. Kenney* (2010) 187 Cal.App.4th 175, 180.)

We acknowledge defendants' contention that defective service is facially apparent because the address stated on the proof of service is different from the address alleged in the complaint to be defendants' principal place of business. But as the moving parties, defendants have the burden of proof, and merely pointing out that service occurred at an address other than the one referenced in the complaint is not enough to show the judgment is void. Their challenge to the propriety of service at the address that was used requires extrinsic evidence, namely the Kethineni declaration. (See *Trackman v. Kenney*, *supra*, 187 Cal.App.4th at p. 182.) To prove service was not properly effected, defendants must show they have no connection to the address used for service. To do that they need the extrinsic evidence in the Kethinini declaration which cannot be considered here according to Code of Civil Procedure section 473.5. The court therefore

2

properly denied the motion to set aside the default judgment under Code of Civil Procedure section 473, subdivision (d).  (We express no opinion as to the availability of any independent equitable action to challenge a judgment based on lack of proper service.)

Defendants cite *Corcoran v. Arouh* (1994) 24 Cal.App.4th 310, 313, but in that case the motion to vacate was filed within two years of the judgment, so extrinsic evidence could be considered in deciding whether service had been properly made. *Corcoran* has no application to defendants' motion filed five years after entry of judgment.

## DISPOSITION

The order denying defendants' motion to set aside default judgment is affirmed. Costs are awarded to respondent by operation of California Rules of Court, rule 8.278, subdivision (a)(1).

_____

Grover, Acting P. J.

**WE CONCUR:**

_____

Lie, J.

_____

Bromberg, J.

**H050019**

***RevereIT, LLC v. Neelinfo, Inc. et al.***