Filed 12/2/24

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JHVS GROUP, LLC et al., <br><br> Plaintiffs and Respondents, <br><br> v. <br><br> SHAWN SLATE et al., <br><br> Defendants and Appellants. | F087324 <br><br> (Super. Ct. No. MCV090283) <br><br><br> **OPINION** |


APPEAL from an order of the Superior Court of Madera County. Brian Enos, Judge.

Lewis Brisbois Bisgaard & Smith, Sean M. Higgins, and Greg L. Johnson for Defendants and Appellants.

Gilmore Magness Janisse and David M. Gilmore for Plaintiffs and Respondents.

-ooOoo-

Shawn Slate and Dina Slate (the Slates) appeal from a preliminary injunction issued against them, Randy Hayer, and SVN Executive Commercial Advisors (SVN). JHVS Group, LLC and its members, Jasanjot Singh and Harshana Kaur, (collectively JHVS) sought the preliminary injunction to prevent a foreclosure sale after a business and land deal fell apart. The Slates contend the trial court erred in issuing the preliminary injunction both as to them and on the merits generally. For the reasons set forth below, we reverse the order as it applies to the Slates.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 11, 2023, JHVS filed a lawsuit against defendants the Slates, Hayer, and SVN. The complaint laid out the history of the failed real estate and business transaction.

According to the complaint, JHVS purchased a 66.4-acre pistachio orchard in Chowchilla from the Slates on August 28, 2022, for roughly $2.6 million. Hayer and SVN served as the brokers for both parties. The sales agreement valued the pending 2022 crop at $729,600 and noted that crop would be owned by JHVS.

JHVS provided a $700,000 down payment, and the Slates agreed to carry a loan for $1,889,600. Under what was alleged to be an unsigned modification to this original agreement, JHVS agreed to pay $5,235.33 per month in interest payments. In addition to these payments, JHVS owed five payments of $35,000, allegedly coinciding with expected crop payments, and any unpaid balance was due one year after the close of escrow. The Slates also agreed to continue farming the property for at least the first year.

The complaint alleged, however, that at the time the agreement was negotiated, the Slates and Hayer knew of material information they did not disclose and falsely answered questions raised about water rights. JHVS stated that the Slates never provided information about the 2021 harvest and, despite valuing the 2022 harvest at over $700,000, the actual value came in at $125,000 and could not reasonably have been estimated at more than $400,000. The complaint further alleged that the Slates misrepresented the actual costs needed to maintain the property and, when asked whether the property was subject to restrictions under the Sustainable Groundwater Management Act (Wat. Code, § 10720 et seq.), affirmatively and wrongly stated no such restrictions applied to the property.

Following the sale, JHVS allegedly fell behind on its payments. Thus, on July 31, 2023, the Slates recorded a notice of default. The complaint alleged that JHVS would not

2.

have purchased the property had the misrepresented facts been known. JHVS requested rescission of the agreement, but the Slates refused.

Based on these allegations, the complaint raised seven causes of action. The first claimed a breach of fiduciary duty by Hayer and SVN for their conduct as brokers. The second, also exclusively brought against Hayer and SVN, claimed negligence in their failure to provide complete and accurate information. The third, brought only against the Slates, alleged intentional fraud resulting in damages. The fourth, brought against all defendants, alleged negligent misrepresentation. The fifth, brought against the Slates, alleged a breach of contract. The sixth, brought against the Slates, sought rescission based on fraud or mutual mistake. And the seventh, again brought against the Slates, sought injunctive relief to enjoin the pending foreclosure process.

On September 25, 2023, JHVS filed two proofs of service, showing the complaint had been served on Hayer and SVN. Then, in October 2023, JHVS filed a motion for preliminary injunction seeking to stop a pending judicial foreclosure sale secured by the Slates.

JHVS argued in its motion that the Slates and Hayer had lied about certain water restrictions affecting the value of the land and the Slates had affirmatively misrepresented the value of the pending crop harvest. JHVS further argued that a preliminary injunction was necessary to preserve its right to recission of the contract as the property would otherwise be lost to foreclosure. The factual allegations in the motion were supported by a declaration from Singh and related attached exhibits.

JHVS also filed two proofs of service for the preliminary injunction motion. These proofs showed the motion had been served on Hayer and SVN. After no response was filed, JHVS filed a notice of nonopposition on November 2, 2023. The notice stated the motion had been filed "against SHAWN SLATE, DINA SLATE, SVN EXECUTIVE COMMERCIAL ADVISORS and RANDY HAYER" and that "no opposition has been served."

On November 9, 2023, the matter was heard. JHVS appeared by video. The trial court noted the Slates, Hayer, and SVN did not appear. The court then explained it had reviewed the filings, including the notice of nonopposition, and stated its tentative was to grant the motion. The court asked if there were any objections and, hearing none, adopted its tentative and ordered JHVS to prepare an order. The entire hearing was transcribed in less than two pages of the reporter's transcript.

The November 15, 2023 final order stated that "[n]o appearances were made by Defendants or any of them" and after "full consideration of the matter, and for good cause shown, the court finds that injunctive relief is appropriate" pending "resolution of the issues in this dispute or further order of the court" and in order "to preserve the remedy of recission sought by [JHVS]." All named defendants, including the Slates "and their agents and representatives," were then enjoined from "conducting any foreclosure sale of the property."

A notice of entry of order and the order were then purportedly served by mail on November 27, 2023. The unsigned proof of service stated the documents had been sent to the Slates in the care of their attorneys, as well as to a title company involved in the foreclosure sale. This appeal, filed December 4, 2023, timely followed.

**DISCUSSION**

On appeal, the Slates raise several issues with the preliminary injunction. They contend the trial court lacked fundamental jurisdiction to issue the preliminary injunction against them in the first instance, violated statutory notice requirements, failed to award or even consider a statutorily required bond, and abused its discretion in issuing the order on the merits. Upon review, we agree with the Slates that the trial court's order was void based upon a lack of fundamental jurisdiction over them. We thus do not reach the other alleged flaws in the order.

4.

## Standard of Review and Applicable Law

" ' "When courts use the phrase 'lack of jurisdiction,' they are usually referring to one of two different concepts, although … the distinction between them is 'hazy.' " [Citation.]' [Citation.] A lack of fundamental jurisdiction is ' " 'an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties.' " ' " (*Kabran v. Sharp Memorial Hospital* (2017) 2 Cal.5th 330, 339, second bracketed insertion added.) " ' "[F]undamental jurisdiction cannot be conferred by waiver, estoppel, or consent. Rather, an act beyond a court's jurisdiction in the fundamental sense is null and void" *ab initio*. [Citation.] "Therefore, a claim based on a lack of … fundamental jurisdiction[] *may be raised for the first time on appeal*." ' " (*Ibid*.)

A challenge to an appealable order entered without fundamental jurisdiction is, to this court, equivalent to a direct appeal from a void default judgment.[1] "When, as here, there is an appeal from a void judgment, the reviewing court's jurisdiction is limited to reversing the trial court's void acts." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 701.) "A judgment that is void on the face of the record is subject to either direct or collateral attack at any time. [Citations.] To prove that the judgment is void, the party challenging the judgment is limited to the judgment roll, i.e., no extrinsic evidence is allowed." (*OC Interior Services, LLC v. Nationstar Mortgage, LLC* (2017) 7 Cal.App.5th 1318, 1327.) "In case the complaint is not answered by any defendant," California generally defines "judgment roll" as including "the summons, with the affidavit or proof of service; the complaint; the request for entry of default with a memorandum indorsed thereon that the default of the defendant in not answering was

---

[1] "A defendant who seeks to challenge a default judgment has 'three potential avenues of relief: a direct appeal from the judgment, a motion to set aside the judgment and a collateral attack on the judgment.' [Citation.] Each avenue has its features, including limitations on the type of errors that can be addressed." (*First American Title Ins. Co. v. Banerjee* (2022) 87 Cal.App.5th 37, 43–44.)

entered, and a copy of the judgment." (Code Civ. Proc., § 670, subd. (a.).)[2] "Further, '[w]hether a judgment is void due to improper service is a question of law that we review de novo.' " (*Trackman v. Kenney* (2010) 187 Cal.App.4th 175, 182.)

"Except as otherwise provided by statute, the court in which an action is pending has jurisdiction over a party from the time summons is served on him …. A general appearance by a party is equivalent to personal service of summons on such party." (Code Civ. Proc., § 410.50; see *Stancil v. Superior Court* (2021) 11 Cal.5th 381, 392 ["Ordinarily, a court gains jurisdiction over the defendant from the time the defendant is served with a copy of the summons and the complaint on which it's based, as required under the Code of Civil Procedure."].) "California is a jurisdiction where the original service of process, which confers jurisdiction, must conform to statutory requirements or all that follows is void." (*Honda Motor Co. v. Superior Court* (1992) 10 Cal.App.4th 1043, 1048.)

"A preliminary injunction may be granted at any time before judgment upon a verified complaint, or upon affidavits if the complaint in the one case, or the affidavits in the other, show satisfactorily that sufficient grounds exist therefor. No preliminary injunction shall be granted without notice to the opposing party." (Code Civ. Proc., § 527, subd. (a).) "A party requesting a preliminary injunction may give notice of the request to the opposing or responding party either by serving a noticed motion under Code of Civil Procedure section 1005 or by obtaining and serving an order to show cause (OSC). An OSC must be used when a temporary restraining order (TRO) is sought, or if

---

**2** We need not decide, and we take no position on, whether this definition provides the only set of documents that can be considered on direct appeal of a void judgment or order. (See *OC Interior Services, LLC v. Nationstar Mortgage, LLC, supra*, 7 Cal.App.5th at pp. 1326–1328 [noting different procedural mechanisms, timing, and proof issues that arise depending on whether challenge alleges judgment or order is void or valid on its face].) Although equivalent to the direct appeal of a default judgment, we need not determine the exact overlap of direct appeals to preliminary injunctions on fundamental jurisdiction grounds given the record in this case.

the party against whom the preliminary injunction is sought has not appeared in the action.  If the responding party has not appeared, the OSC must be served in the same manner as a summons and complaint."  (Cal. Rules of Court, rule 3.1150(a).)

***The Preliminary Injunction is Void for Lack of Fundamental Jurisdiction***

At the outset of the analysis, it is important to note the limited nature of the claim considered.  In this case, the trial court granted a preliminary injunction against the Slates, Hayer, and SVN.  That injunction prevented actions that were being undertaken exclusively by the Slates.  Hayer and SVN have raised no challenge to the preliminary injunction as to them.  Rather, only the Slates seek to void the order as directed to them.

On this challenge, the Slates have demonstrated by reference to the uncontested record that they were never served with the summons and complaint in this action.  JHVS makes no argument in direct opposition to this claim and offers no additional evidence upon which service could be found.[3]  Because the judgment roll and record show that notice the Slates were served was never provided to the trial court, there is no factual basis upon which it can be said that JHVS met the statutory requirements for obtaining personal jurisdiction over the Slates.  The trial court's actions against the Slates, including the preliminary injunction order, are thus void on their face.

Rather than directly challenge the lack of service claim, JHVS argues the Slates either waived or forfeited this issue by failing to first raise it with the trial court.  As noted above, this is incorrect.  " ' "[A] claim based on a lack of … fundamental jurisdiction[] *may be raised for the first time on appeal*." ' "  (*Kabran v. Sharp Memorial Hospital, supra*, 2 Cal.5th at p. 339, first bracketed insertion added.)  Further, although "a defendant may waive an objection to the court's lack of personal jurisdiction, for example by making a general appearance [citations], a defendant's failure to appear does not

---

[3]     (See Code Civ. Proc., § 909 [permitting appellate court to take additional evidence and make factual determination in appropriate circumstances in civil matters].)

forfeit an objection the court has no personal jurisdiction over it." (*Brue v. Al Shabaab* (2020) 54 Cal.App.5th 578, 586.)

As part of this argument, JHVS contends the Slates were evading service and had actual knowledge of the pending action. However, the record does not support such a strong claim, and the documents that do show service was eventually attempted were only included in the record as part of JHVS's opposition to a sanctions motion filed after this appeal was taken. Regardless, actual knowledge is insufficient to cure defective service. (*Honda Motor Co. v. Superior Court, supra*, 10 Cal.App.4th at p. 1048.)

JHVS also contends that any error is waived because temporary restraining orders can be issued prior to service of the complaint and without notice. However, nothing in the record demonstrates that JHVS sought a temporary restraining order, satisfied the statutory requirements for such an action, or that the trial court issued a temporary restraining order. (See Code Civ. Proc., § 527, subds. (c), (d) [providing limitations on when temporary restraining order may issue and what procedures are required].) Further, to the extent a preliminary injunction may be issued prior to a defendant's normal appearance, the rules are clear that the court must first exert a limited authority over the defending party by issuing an order to show cause, served in the same manner as the summons and complaint. (Cal. Rules of Court, rule 3.1150(a).) Nothing of the sort occurred in this case.

Ultimately, based on JHVS requesting and arguing for a preliminary injunction against a potential party that it had never served with either the underlying summons and complaint or the actual motion at issue and the lack of an order to show cause issued because of such deficiencies, the trial court lacked fundamental jurisdiction over the Slates. The trial court's order was thus void as to the Slates.

## DISPOSITION

The November 15, 2023 order granting preliminary injunction is reversed as void with respect to the Slates.  The matter is remanded to the trial court for further proceedings consistent with this opinion.  Costs are awarded to the Slates.

HILL, P. J.

WE CONCUR:


LEVY, J.


POOCHIGIAN, J.