[No. B052993. Second Dist., Div. Four. Apr. 28, 1992.]

INDUSTRIAL ASPHALT, INC., et al., Plaintiffs and Respondents, v. STATE BOARD OF EQUALIZATION, Defendant and Appellant.

## Counsel

Daniel E. Lungren, Attorney General, Edmond B. Mamer and Herbert A. Levin, Deputy Attorneys General, for Defendant and Appellant.

Latham & Watkins, Thomas G. Bost, William C. Choi and Jayne Fan for Plaintiffs and Respondents.

## OPINION

### STEPHENS, J.*—

#### FACTS

The facts were stipulated, but a very brief summation establishes that Industrial and Huntmix were (and are) California corporations doing business in asphalt-related endeavors. They formed a joint venture partnership (referred to hereinafter as Venture) to do the same type of business.

Industrial contributed assets of $46,307,000 to Venture, which assumed liabilities of $10,342,000. Thus, a net value of the assets from Industrial was $35,965,000. Huntmix contributed assets of $21,328,000 to Venture which assumed liabilities of $3,806,000 for a net contribution of $17,522,000. The assets contributed constituted substantially all of the assets of each corporation.

Venture distributed to Industrial cash in the amount of $30,965,000 and to Huntmix $12,522,000, thus making each partner an equal member of Venture to the amount of $5 million.

The cash was obtained by Venture through a bank loan. Both corporations remained jointly and severally liable for the state liabilities to which Venture was also liable. The debts were, after the effective establishment of Venture, guaranteed by the corporations, though Venture was primarily liable.

The Tax Board considered the transaction as one of sale and taxed the corporations. They paid the taxes and sought reimbursement on the theory of no sale. The trial court agreed and ordered a refund. The board appeals.

The question is: were the transfers of assets by the corporations to Venture "sales"? The answer is yes.

We conceive no distinction between the case before us and *Cal-Metal Corp. v. State Bd. of Equalization* (1984) 161 Cal.App.3d 759 [207 Cal.Rptr.

*Retired Associate Justice of the Court of Appeal, Second District, sitting under assignment by the Chairperson of the Judicial Council.

783]. There, as here, we deal with a "commencing partnership." There, as here, there was an assumption of liabilities. ■ Assumption of liabilities is a "consideration" (*Newco Leasing, Inc.* v. *State Bd. of Equalization* (1983) 143 Cal.App.3d 120, 126 [191 Cal.Rptr. 588]); this is so even where the transferring party remains liable on the indebtedness. (Corp. Code, § 15015.)

■ Since we deal here with a "commencing partnership," does California Sales and Use Tax Regulation 1595, subdivision (b)(4) (Cal. Code Regs., tit. 18, § 1595, subd. (b)(4)) create an exemption? The answer is no. That section provides: "Tax does not apply to a transfer of property to a commencing corporation or commencing partnership in exchange *solely* for first issue stock of the commencing corporation or an interest in the commencing partnership. *Tax does apply, however, if the transferor receives consideration such as cash, notes, or an assumption of indebtedness*, and the transfer does not otherwise qualify for exemption. The tax is measured by the amount of such consideration attributable to the tangible personal property transferred." (Italics added.)

Respondent relies upon *Macrodyne Industries, Inc.* v. *State Bd. of Equalization* (1987) 192 Cal.App.3d 579 [237 Cal.Rptr. 537]. In that case, the court dealt with an existing corporation and did not seek to construe California Sales and Use Tax Regulation 1595, subdivision (b)(4). We do not follow that case's distinction of *Cal-Metal* due to the fact that there was no stipulation as to the transferor remaining liable. ■ No such stipulation is necessary, for the law specifically imposes that obligation in a transfer to a partnership. (Corp. Code, § 15015.)[1] *Macrodyne* concluded the parent company received no consideration for it was, in effect, transferring the liabilities from one pocket to another. In *Cal-Metal*, and our case, the transfer is to a third pair of pants worn by a third person and thus lightens the load of the pockets of both Industrial and Huntmix. This is so even if the third parties' pockets fail to hold the debts (by failing to pay them) and the debts are effectively returned to the solid pockets of the partners. ■ The partners would have received a consideration, a benefit, at the time of transfer of title though ultimately the consideration failed of value. The benefit received was that Venture became the primary obligor on the liabilities at the time of the transfer of title; hence the tax applied.

We conclude that the tax regulation also recognizes the beneficial consideration that both Industrial and Huntmix received when each became obligated on the other's liabilities taken over by the partnership.

---

[1] Corporations Code section 15015 provides: "All partners are liable [¶] (a) Jointly and severally for everything chargeable to the partnership under Sections 15013 and 15014. [¶] (b) Jointly for all other debts and obligations of the partnership; but any partner may enter into a separate obligation to perform a partnership contract."

## DISPOSITION

Judgment is reversed; appellant shall recover costs on appeal.

Woods (A. M.), P. J., and Epstein, J., concurred.

A petition for a rehearing was denied May 20, 1992, and respondents' petition for review by the Supreme Court was denied July 16, 1992. Lucas, C. J., Baxter, J., and George, J., were of the opinion that the petition should be granted.