Filed 4/21/15  Schuler v. Albright CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| RHONDA M. SCHULER,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RUSSELL B. ALBRIGHT,<br><br>    Defendant and Appellant. | A140870<br><br>(San Mateo County<br>Super. Ct. No. FAM0109857) |

Russell B. Albright (defendant) appeals from an order denying his motion to quash and to set aside a default and default judgment entered against him in a child support proceeding, arguing he was never served with the summons and complaint and never received actual notice in time to defend the action against him.  (Code Civ. Proc., §§ 473.5, 418.10, subd. (a)(1).)[1]  We affirm.

## I.  FACTS AND PROCEDURAL HISTORY

On April 30, 2010, the San Mateo County Department of Child Support Services (Department) received an interstate referral requesting that parentage and child support orders be established against defendant on behalf of Rhonda M. Schuler and her minor son.  On that same date, Department mailed a case opening letter to defendant at 25 Horseshoe Court in Hillsborough, California, the address provided by the initiating jurisdiction.

---

[1]  Further statutory references are to the Code of Civil Procedure unless otherwise indicated.

Department caseworkers have password-controlled access to the records of the Department of Motor Vehicles (DMV) for the purpose of locating individuals who owe child support. In May 2010, the DMV confirmed that defendant's residential address on file with the DMV was 25 Horseshoe Court, that there had been no changes to defendant's residential address since his driver's license was first issued in 2005, and that no other residential addresses were reported in defendant's DMV records. Also in May 2010, Department sent postal verification letters to the United States Postal Service to determine whether mail was delivered to defendant at 25 Horseshoe Court. The Postal Service verified that mail was delivered to defendant at a post office box in San Mateo, and that defendant reported his physical address to be 25 Horseshoe Court in Hillsborough. In June 2010, Department received a letter from Stanford Federal Credit Union indicating defendant had terminated his employment there in February 2009, and his last known address was 25 Horseshoe Court.

On June 13, 2010, Department received a letter from defendant stating: "The information you have gathered is in error. I am disputing any child support claims from Rhonda Schuler. This dispute is based on the parentage of the child. No contact with Rhonda Schuler has been made in over seven years in accordance with the wishes of the parent." No return address or telephone number was listed on the letter.

On July 22, 2010, Department filed a complaint for child support and order to show cause under the Uniform Interstate Family Support Act (UIFSA) seeking child support, child care costs, and unreimbursed medical and dental expenses from defendant. Several unsuccessful attempts were made to personally serve defendant with the summons and complaint at 25 Horseshoe Court. On August 4, 2010, defendant's mother and father answered the door and said defendant did not live there. Defendant's father threatened to take legal action if the "system" did not stop sending people to their door, and defendant's mother threatened to call the police if the process server did not leave. Following these unsuccessful efforts to personally serve defendant, Department reviewed other possible addresses for him and identified 2249 Armada Way in San Mateo, California, using a LexisNexis database. A postal verification letter was sent and on

2

September 20, 2010, the Postal Service confirmed mail was delivered to defendant at that address.

The UIFSA complaint and order to show cause was reissued and personal service was attempted at 2249 Armada Way on October 6 and 7, 2010. An affidavit of reasonable diligence filed by the process server indicates the tenant at 2249 Armada Way, a "Kristina Peterson," said she had lived at the address for two and one-half years and did not know defendant.[2] Efforts to serve defendant at the Armada Way address recommenced in February 2012, and on February 7, 2012, the process server saw a man who matched defendant's description move quickly away from an upstairs window after observing the process server. The process server rang the doorbell several times but no one answered. Personal service was again attempted at the Armada Way address in July 2012, and on July 31, 2012, the process server was told by "Chris Peterson," the current tenant, that defendant did not live there.

Meanwhile, Department was provided with additional information linking defendant to 25 Horseshoe Court. A January 31, 2012, postal verification letter was received in which the Postal Service confirmed mail was being delivered to defendant at the Horseshoe Court address. Another postal verification letter sent March 17, 2012, confirmed that mail was delivered to defendant at a post office box (which was also listed as his mailing address with the DMV), and that defendant reported 25 Horseshoe Court as his physical address. DMV records also showed 25 Horseshoe Court as defendant's physical address. On November 13, 2012, the process server effected substitute service on defendant by leaving a copy of the summons and complaint with defendant's father and mailing a copy of the same to defendant the following day. (§ 415.20.) When the process server handed defendant's father the documents, defendant's father said "fuck you" twice and threw them at the process server.

---

[2] An affidavit for establishing paternity that was signed by Schuler in September 2011 lists "Cristina Petersen Albright" as defendant's current spouse or nonmarital partner.

3

After defendant failed to file an answer to the complaint, the trial court granted Department's request for an entry of default. A default judgment was entered on March 22, 2013, ordering defendant to pay $479.00 a month in child support.

On September 19, 2013, defendant filed a motion asking the trial court to (1) set aside the default and default judgment based on his lack of actual notice of the proceedings (§ 473.5), and (2) quash service based on the trial court's lack of jurisdiction over him due to the Department's failure to serve him with the summons and complaint (§ 418.10, subd. (a)(1)). In support of his motion, defendant provided a declaration from his father, Gary Albright, stating that he (the father) had lived at 25 Horseshoe Court for many years, but defendant had not lived there since 2005 and did not regularly receive mail at that address. Defendant's father further declared that when he spoke to the process server on November 13, 2012, he advised the process server defendant did not live at that address and refused to accept the documents from the process server.

Department filed a responsive declaration by James D. Potter, one of its child support attorneys, reciting the history of the case as described above. Attached as an exhibit to Potter's declaration was a declaration by David Carlos, a supervisor with the Department who was readily familiar with the Department's record-keeping system and had reviewed the Department's file in this case. Carlos described the efforts to locate and verify defendant's address, and identified and authenticated the statements of due diligence that were filed by the process servers in the case and attached as exhibits. Included in the exhibits were a postal verification letter and response from the United States Postal Service dated October 1, 2013 (after the motion for relief from default had been filed), indicating defendant was still receiving mail at 25 Horseshoe Court.

Defendant filed a reply declaration stating: "I have not lived at my parent[s'] residence at 25 Horseshoe Court, Hillsborough CA 94101 for many years. Since approx. February-March 2010 I have lived at 2249 Armada Way, San Mateo and I have a mailing address at P.O. Box 5619, San Mateo, Ca. 94402."

After listening to the arguments of counsel and taking the matter under submission, the trial court denied defendant's motion in its entirety.

4

Defendant argues he was entitled to relief under section 473.5 because he did not have actual notice of the child support proceedings.  He contends the default judgment against him was void because he was never served with a copy of the summons and complaint.  We disagree.

" '[C]ompliance with the statutory procedures for service of process is essential to establish personal jurisdiction.  [Citation.]  Thus, a default judgment entered against a defendant who was not served with a summons in the manner prescribed by statute is void.  [Citation]."  (*Ellard v. Conway* (2001) 94 Cal.App.4th 540, 544 (*Ellard*); see *County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1226-1227 (*Gorham*).)  A defendant seeking to set aside a default judgment based on a lack of proper service may file a motion under section 473.5 on the ground that "service of a summons has not resulted in actual notice to a party in time to defend the action."  (See *Ellard*, at p. 547; *Trackman v. Kenney* (2010) 187 Cal.App.4th 175, 179-180  (*Trackman*).)  To obtain relief under section 473.5, the defendant must provide an affidavit showing his lack of actual notice was not caused by inexcusable neglect or avoidance of service.  (§ 473.5, subds. (b) & (c); *Anastos v. Lee* (2004) 118 Cal.App.4th 1314, 1319 (*Anastos*).)[3]

Though a motion to set aside a default judgment under section 473.5 " 'is addressed to the sound discretion of the trial court' " (*Anastos*, *supra*, 118 Cal.App.4th at p. 1318), the underlying question of whether the judgment is void for improper service is one of law we review de novo.  (*Trackman*, *supra*, 187 Cal.App.4th at p. 182; *Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 496.)  To the extent the facts are in conflict, we uphold the trial court's express or implied factual determinations so long as they are supported by substantial evidence.  (*Giorgio v. Synergy Management Group, LLC* (2014) 231 Cal.App.4th 241, 247; *Strathvale Holdings v. E.B.H.* (2005) 126

---

[3]  A defendant may also challenge a judgment as void due to improper service under section 473, subdivision (d), though defendant has not invoked this statute as a basis for relief.  (See *Trackman*, *supra*, 187 Cal.App.4th at p. 180; *Ellard*, *supra*, 94 Cal.App.4th at p. 544.)

Cal.App.4th 1241, 1250.) "This standard applies equally to oral or documentary evidence. [Citation.] 'When an issue is tried on affidavits, the rule on appeal is that those affidavits favoring the contention of the prevailing party establish not only the facts stated therein but also all facts which reasonably may be inferred therefrom, and where there is a substantial conflict in the facts stated, a determination of the controverted facts by the trial court will not be disturbed." (*Zirbes v. Stratton* (1986) 187 Cal.App.3d 1407, 1412 (*Zirbes*).)

In this case, the Department served defendant under section 415.20, subdivision (b), which authorizes substitute service in lieu of personal delivery: "If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, . . . a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge . . . at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left."

Department submitted proofs of service by a registered process server showing this procedure was followed at 25 Horseshoe Court when the process server, after several attempts to serve defendant personally, left the summons and complaint with defendant's father on November 13, 2012, and then mailed defendant a copy of the same. This gave rise to a rebuttable presumption of proper service. (*Floveyor Internat., Ltd. v. Superior Court* (1997) 59 Cal.App.4th 789, 795.)

Defendant argues service was ineffective because the evidence does not support a finding that his parents' home at 25 Horseshoe Court was an appropriate address for substitute service. Even if defendant no longer resided with his parents at that address, Department presented verifications from the United States Postal Service that mail was being delivered to him there. From these verifications, it can reasonably be inferred 25 Horseshoe Court was defendant's "usual mailing address" for purposes of section 415.20,

6

subdivision (b). This conclusion is corroborated by the letter from defendant's former employer stating defendant's last known mailing address as of 2009 was 25 Horseshoe Court. While the letter from the employer did not itself demonstrate defendant was still receiving mail there in 2012, when substitute service was made, it tended to impeach the declaration by defendant's father stating defendant has not lived at 25 Horseshoe Court since 2005 and did not regularly receive mail there.

Because the record contains substantial evidence that 25 Horseshoe Court was defendant's usual mailing address, we need not determine whether substantial evidence supports a finding defendant also resided at that address, or whether the evidence of DMV records was admissible or sufficient to support such a finding. (Compare *Zirbes*, *supra*, 187 Cal.App.3d at pp. 1415-1417.) A "usual mailing address" may include the address where a defendant resides or does business, but is not limited to such locations. (See *Ellard*, *supra*, 94 Cal.App.4th at pp. 545-546; *Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1202 [substitute service proper on private post office box].) Substitute service was proper at 25 Horseshoe Court, the resulting default judgment entered against defendant was not void, and the court did not err in denying the motion to quash service.

Having concluded defendant was properly served under section 415.20, we next consider whether the trial court abused its discretion in denying the motion to set aside the default and default judgment under section 473.5 on the ground he lacked actual notice. (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2014) ¶5:420, p. 5-104.3 (rev. #1, 2014) [trial court has discretion to set aside a default judgment against a properly served defendant who lacks actual notice].) It did not.

As a prerequisite to obtaining relief under section 473.5, a moving party must submit "an affidavit showing . . . that the party's lack of actual notice in time to defend the action was not caused by his or her avoidance of service or inexcusable neglect." (§ 473.5, subd. (b).) Defendant filed a reply declaration stating he did not reside at 25 Horseshoe Court and "[t]he purported substituted service on me through my father did not in fact result in my having any knowledge of the summons and petition," but that

7

declaration did not include any facts showing defendant had not avoided service and had not acted with inexcusable neglect. (See *Sakaguchi v. Sakaguchi* (2009) 173 Cal.App.4th 852, 862 [§ 473.5 motion properly denied where defendant's affidavit stated only that he had not personally received the complaint and did not show lack of inexcusable neglect].) The evidence submitted by Department strongly suggested defendant *was* avoiding service in February 2012 by hiding from the process server at 2249 Armada Way (where he claimed in his declaration to have lived since 2010) and having the woman who lived there (whom he apparently married) tell the process server he did not have any connection to that address. The equities of this case do not support relief under section 473.5 and the trial court did not abuse its discretion in denying the motion.

Because we conclude the trial court properly denied defendant relief from the default and default judgment, we need not address the Department's various arguments concerning the applicability of Family Code section 3691 and its effect on the court's power to grant equitable relief from default in this case.

## III.  DISPOSITION

The order denying defendant's motion to set aside the default and default judgment and motion to quash is affirmed. Costs on appeal are awarded to Department.

NEEDHAM, J.

We concur.

SIMONS, Acting P.J.

BRUINIERS, J.

8