Filed 11/17/20  County of Riverside v. Flores CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| COUNTY OF RIVERSIDE, | |
| Plaintiff and Respondent, | E071141 |
| v. | (Super.Ct.No. RIK004539) |
| FILIBERTO FLORES, | OPINION |
| Defendant and Appellant; | |
| JOHANNA VAZQUEZ, | |
| Real Party in Interest and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Jennifer R. Gerard, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

REQUEST FOR JUDICIAL NOTICE.  Denied.

Filiberto Flores in pro. per; Law Offices of Brian D. McMahon and Brian D. McMahon for Defendant and Appellant.  [*Retained*].

1

Bruce Wagner, Chief Attorney, and Maichi Nguyen and Hirbod Rashidi, Attorneys for Plaintiff and Respondent.

No appearance for Real Party in Interest and Respondent.

In this action for child support, the Riverside County Department of Child Support Services (Department) obtained a default judgment against Filiberto Flores, based on a proof of service stating that it had served him by substituted service at his workplace. Eight years later, Flores filed a motion to set aside the judgment. He claimed that the Department did not exercise reasonable diligence to effect personal service on him, as required, before resorting to substituted service. The trial court denied the motion; it ruled that Flores had the burden of proof and that he had failed to disprove proper service.

Flores appeals. We will affirm. We will hold that the proof of service was valid on its face, which shifted the burden to him, and he failed to introduce evidence that he was not properly served.

I

FACTUAL AND PROCEDURAL BACKGROUND

In January 2008, the Department filed a complaint for child support against Flores.

In October 2008, it filed a proof of service, executed by a registered process server. The proof of service recited that Flores had been served by substituted service: On June 30, 2008 at 4:48 p.m., the summons, complaint, and other papers had been left at a confidential address (see Fam. Code, § 17212, subd. (b)(3)) with one "Juanie" (no last

2

name) who was the "manager" and the person apparently in charge of the business. The process server informed Juanie of the general nature of the papers. On July 1, 2008, the papers had also been sent to the same address by first-class mail.

According to the proof of service, two previous attempts had been made to serve Flores personally at the same address — on June 26, at 6:30 p.m., and on June 28, at 4:30 p.m.

Flores did not file an answer. Thus, in April 2009, the Department obtained a default judgment ordering him to pay $332 a month in child support.

In April 2017, Flores filed a motion to set aside the default judgment. He argued that the judgment was "void for lack of personal jurisdiction . . . ." He did not cite any statutory authority for the motion.

In support of the motion, Flores alleged[1] that he never received the summons and complaint. He had been unemployed from May through August 2008. He had never had a manager named Juanie.

The Department did not file an opposition. In August 2017, however, at the hearing on the motion, counsel for the Department represented[2] that, between 2009 and

---

[1] The motion included Flores's "declaration," but it was not executed under penalty of perjury. (See Code Civ. Proc., § 2015.5.) Indeed, except as noted, none of the factual representations by either side were made under oath, and none of the documents submitted by either side were authenticated. However, neither side objected on this ground.

[2] In the absence of an objection, the trial court was entitled to reply on the representations of counsel. "' . . . [A]ttorneys are officers of the court, and "'when they address the judge solemnly upon a matter before the court, their declarations are virtually

2013, the Department had about 25 contacts with an attorney named Barilla, who was representing Flores. It had advised Barilla to file a motion to set aside the default judgment, but he never did so.[3] Flores conceded that, in July 2009, he had retained Attorney Barilla to negotiate child custody and child support with the Department.

The trial court asked the Department to provide Flores's counsel with the confidential address at which he was supposedly served; it continued the hearing for that purpose.

The Department then filed an opposition. In it, counsel for the Department represented that the name of the business where the documents were left was Complete Vision Flooring, Inc. (Complete).

Flores responded by submitting documents showing that he had applied for unemployment for a period starting April 26, 2008, although he was determined to be not qualified.[4]

---

made under oath.'"' [Citation.]" (*People v. Mroczko* (1983) 35 Cal.3d 86, 112, disapproved on other grounds in *People v. Doolin* (2009) 45 Cal.4th 390, 421, fn. 22.)

[3] Later, the Department stated more specifically that Barilla first contacted it on July 17, 2009, seeking "information about the [j]udgment."

[4] Flores also submitted a letter from him to his employer, dated April 18, 2008, stating that he had been laid off as of April 22, 2008. The trial court, however, declined to consider it, because "it's not signed under penalty of perjury" and its "veracity" was "questionable."

In December 2017, at the continued hearing, Flores testified, under oath, that his last day with Complete was in June 2008. Under further questioning by his counsel, however, he said this was a mistake, and his last day was actually in April 2008.

The trial court expressed concern about whether the Department had shown reasonable diligence. It continued the hearing for further briefing on that issue. It suggested, "[I]f you want . . . a hearing involving a witness, I will . . . grant you that as well . . . ." "[W]hether work records get subpoenaed or somebody is brought into this court to show a definitive date [of termination] would be very helpful . . . ."

The Department submitted a printout of records of the Employment Development Department (EDD) showing that Flores had received wages from Complete in the first two quarters of 2008 — $7,072.00 in January through March and $1,923.10 in April through June. After June 2008 and before April 2011, he did not receive any wages. Counsel for the Department represented that it had attempted to serve Flores at two residential addresses, without success. Thus, it obtained his work address from the EDD and made three attempts to serve him there. When it was unable to serve him by personal service, it served him at his work address by substituted service.

In response, Flores submitted a probation department form in which he stated that he started working for a company called Easy Turf on May 26, 2008.

In June 2018, at the continued hearing, the trial court denied the motion. It explained that Flores had the burden of proof, and he had not introduced sufficient

5

evidence of improper service.  In November 2018, it entered a formal written order denying the motion.

Flores filed a premature but valid notice of appeal.  (Cal. Rules of Court, rule 8.104(d).)

II

REQUEST FOR JUDICIAL NOTICE

The Department has asked us to take judicial notice of a document which, it contends, establishes that Flores made a general appearance in this action.  Flores has opposed the request, arguing that the document was never submitted to the trial court.

A.    *Additional Factual and Procedural Background*.

In 2011, the Department registered the judgment in San Bernardino County.  (See Fam. Code, § 5601 et seq.)[5]

The Department wants us to take judicial notice that in 2015, Flores filed a substitution of attorney in the San Bernardino case, substituting Attorney Barilla out and Attorney Thomas Kemerer in.  It argues that this constituted a general appearance.

---

[5]    Because the judgment was registered in San Bernardino County, we question whether the motion to set it aside was properly filed in Riverside County.  (See Fam. Code, § 5601, subd. (e) ["Upon registration, . . . [f]urther proceedings regarding the obligor's support obligations shall not be filed in other counties."].)  The Department, however, has never raised this issue.  Quite the contrary, its counsel said, "[W]e [are] hav[ing] the hearing here because the original order was out of this court."  The issue does not appear to be jurisdictional.  We therefore deem it forfeited.

B.    *Discussion.*

The substitution is the type of document that is judicially noticeable.  (Evid. Code, § 452, subd. (d).)  However, it was never presented to the trial court.  "Reviewing courts generally do not take judicial notice of evidence not presented to the trial court."  (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3.)

Separately and alternatively, we decline to take judicial notice of it because it is not relevant.  (See *People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 422, fn. 2.)  As we will discuss, it fails to establish either that Flores made a general appearance in this action or, even if he did, that the judgment was valid on this basis.

"A general appearance by a party is equivalent to personal service of summons on such party."  (Code Civ. Proc., § 410.50, subd. (a).)  "A general appearance occurs when the party takes part in the action and '"in some manner recognizes the authority of the court to proceed."'  [Citation.]"  (*In re D.R.* (2019) 39 Cal.App.5th 583, 593.)

Assuming the substitution of attorney constituted a general appearance at all, it was filed in the San Bernardino case.  That was a separate action, with a separate case number.  Flores could, in theory, have had one attorney in this action and a different attorney in that case.  It follows that a general appearance in the San Bernardino case would not constitute a general appearance in this action.

In any event, a general appearance does not *retroactively* validate an *earlier* default judgment.  (*In re Marriage of Smith* (1982) 135 Cal.App.3d 543, 547-552.)  Code of Civil Procedure section 410.50, subdivision (a) merely provides that a general

7

appearance is the equivalent of service of summons. Subdivision (b) then provides, "Jurisdiction of the court over the parties and the subject matter of an action continues throughout *subsequent* proceedings in the action." (Italics added.) The service of summons in 2015 would not support a judgment entered in 2009. (See *Moffett v. Barclay* (1995) 32 Cal.App.4th 980, 983 ["A person is not subjected to the jurisdiction of the court until summons has been served or they have made a general appearance."].)

The Department also argues that the document establishes that Flores (or his counsel) lied to the trial court. Flores's trial counsel (not the attorney who is representing him on appeal) told the trial court that Barilla "never appeared. He never filed any paperwork on behalf of [Flores]." The Department's counsel mentioned that Barilla "sent [a] substitution of attorney . . . ." Flores's counsel responded: "Counsel is talking about a substitution of attorney. I don't think there has ever been a substitution of attorney filed . . . ." The Department's counsel then agreed: "[T]here was nothing filed . . . ."

It is not clear whether Flores's counsel meant that Barilla had never appeared in this case or if he was including the San Bernardino proceeding. Even if he was including the San Bernardino case, the record does not establish that he lied. He may have just been mistaken. After all, the Department's counsel joined in his representation. It explains that it "was not aware until the filing of this appeal that the Substitution of Attorney was filed in the San Bernardino action." Presumably Flores's counsel was equally unaware.

8

Last but not least, the point is irrelevant to this appeal.  If the Department believes Flores's counsel lied to the trial court, its remedy is to report him to the State Bar.

We therefore deny the request for judicial notice.

III

THE MOTION TO SET ASIDE THE JUDGMENT

A.    *The Proof of Service Was Not Void on Its Face.*

The first issue before us is whether the judgment was void on its face because the proof of service was defective.

"The trial court has broad discretion to vacate [a] judgment . . . .  However, that discretion can be exercised only if the moving party (defendant) establishes a proper *ground* for relief, by the proper *procedure*, and within the [applicable] *time limits* . . . . [Citation.]"  (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2019) 5:276, p. 5-72.)

Under Family Code section 3691, subdivision (c), a child support order can be set aside based on lack of actual notice.  However, the motion to set aside must be filed within six months after the defendant obtained or should have obtained notice of the support order.  (Fam. Code, § 3691, subd. (c)(1).)  Flores had actual notice of the default judgment by July 2009, when he retained Barilla and Barilla first contacted the

9

Department to obtain information about the judgment.**6**  Hence, his motion disavowed any reliance on this code section.

"'[A] judgment that is void on the face of the record is subject to either direct or collateral attack at any time.  [Citations.]'  [Citation.]" (*Gassner v. Stasa* (2018) 30 Cal.App.5th 346, 356.  "'"A judgment or order is said to be void on its face when the invalidity is apparent upon an inspection of the judgment-roll."  [Citation.]  In a case in which the defendant does not answer the complaint, the judgment roll includes the proof of service.  [Citation.]'  [Citation.]" (*Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 496.)  A default judgment is void on its face if the underlying proof of service fails to meet statutory requirements.  (*Ramos v. Homeward Residential, Inc.* (2014) 223 Cal.App.4th 1434, 1441-1442.)  "[W]hether a proof of service is *void* does not depend on evidence outside the face of the record." (*Trackman v. Kenney* (2010) 187 Cal.App.4th 175, 182.)

If a plaintiff has used "reasonable diligence" to effect personal service, but without success, he or she may then use substituted service.  (Code Civ. Proc., § 415.20, subd. (b).)  This can be effected by leaving a copy of the papers at the defendant's "usual place of business" with a person at least 18 years old who is "apparently in charge of [the defendant's] office [or] place of business," and thereafter mailing a copy of the documents to the defendant at the same place.  (*Ibid*.)  "[T]he showing of diligence in a

---

**6**      It is a reasonable inference that, if Flores did not already know about the judgment, Barilla told him.  Even if not, however, at a minimum, Flores *should have known*.  (See Civ. Code, § 2332 [notice to agent is imputed to principal].)

10

given case must rest on its own facts and '[n]o single formula nor mode of search can be said to constitute due diligence in every case.' [Citation.]" (*Kott v. Superior Court* (1996) 45 Cal.App.4th 1126, 1138.)

Here, the proof of service stated that the place of delivery was Flores's usual place of business. It stated that "Juanie" was a person over the age of 18 who was apparently in charge of the business. It stated that the process server informed Juanie of the general nature of the papers. And it stated that the process server thereafter mailed a copy of the papers, first-class, to Flores at the same location.

It was not necessary to set forth Juanie's full name. Indeed, it was not necessary to determine whether Juanie was his (or her) real name. "Persons in apparent charge of businesses and residences often refuse to give their true legal names. For this reason, it is an accepted practice to name such a person as 'John Doe' or similar fictitious name, or by description." (*Trackman v. Kenney*, *supra*, 187 Cal.App.4th at p. 183.)

Arguably, the statement that the location was Flores's "usual place of business" was somewhat conclusory. However, this statement is part of the Judicial Council form proof of service, POS-010. That form represents the Judicial Council's interpretation of a statute that it co-drafted. (See *Gibble v. Car-Lene Research, Inc.* (1998) 67 Cal.App.4th 295, 303.) Its interpretation, though not dispositive, is entitled to deference. (*City of Los Angeles v. Animal Defense League* (2006) 135 Cal.App.4th 606, 624, disapproved on other grounds in *City of Montebello v. Vasquez* (2016) 1 Cal.5th 409, 420, fn. 10.)

11

The form permits the process server to make other statements that are similarly conclusory. For example, for personal service, it allows a statement that the person served was "authorized to receive service of process for the party" served. For substituted service, it allows a statement that the papers were left with a "competent" person, that that person was a "member of the household," and that the place of service was the party's "usual place of abode" or "usual mailing address." It does not require the process server to set forth a factual basis for these statements. If we were to require more specificity, we would be placing at risk countless other default judgments, obtained, in good faith, by using the same Judicial Council form. We conclude that the process server need not explain how he or she knows the place of service is the defendant's usual place of business.

Finally, the proof of service stated that the process server had made two previous attempts to serve Flores personally at the same location. Reasonable diligence for purposes of substituted service is a different — and less stringent — standard than for purposes of service by publication. (*Espindola v. Nunez* (1988) 199 Cal.App.3d 1389, 1392-1393.) It does not require the plaintiff "to show exhaustive attempts to locate the defendant . . . ." (*Ibid*.) "'Two or three attempts to personally serve a defendant at a proper place ordinarily qualifies as "'reasonable diligence.'"' [Citation.]" (*Rodriguez v. Cho* (2015) 236 Cal.App.4th 742, 750.) Thus, the two attempts here were sufficient.

12

Flores nevertheless argues that the proof of service failed to show reasonable diligence, for two reasons.[7]

First, he notes that the first attempt was made at 6:30 p.m. and the second was made on a Saturday; he argues that both were outside "normal business hours." Many businesses, however, are open at 6:30 p.m. and/or on Saturday. The record is silent as to the hours of this particular business. A registered process server is entitled to the benefit of the presumption "that official duty has been regularly performed." (Evid. Code, § 664; see Civ. Code, § 3548 [presumption that "[t]he law has been obeyed"]; see also Bus. & Prof. Code, §§ 22356 [requiring "good conduct" of process servers], 22358, subd. (a) [process server's registration may be revoked for improper service of process not amounting to a violation of law]; cf. *People v. Cruz* (2001) 93 Cal.App.4th 69, 73 [official duty presumption applies to jurors acting as such].) Thus, the burden was on Flores to introduce evidence that the process server attempted service at unreasonable times. (See *Calderwood v. Brooks* (1865) 28 Cal. 151, 153 [proof of service reciting that defendant was served in certain county raises presumption that he or she resides in that county], disapproved on other grounds in *Pico v. Cohn* (1889) 78 Cal. 384, 387.)

Second, he argues that, as a matter of law, reasonable diligence requires that attempts at service be made at different times of the day. While that may be good

---

[7]    Unhelpfully, the Department does not respond to these points.

13

practice, it has never been held to be required.[8]  The Riverside Superior Court used to have a local rule requiring three attempts at personal service, at different times, as a prerequisite to service by posting (Super. Ct. Riverside County, Local Rules, former rule 3.0050), but not for substituted service; in any event, this rule is no longer in effect. Similarly, New York has required a showing that personal service has been attempted at different times before service by posting (*Mid-Island Mortgage Corp. v. Drapal* (2019) 175 A.D.3d 1289, 1290 [108 N.Y.S.3d 190, 192]), but not before substituted service.

We therefore conclude that the proof of service complied with all applicable statutory requirements.  Accordingly, the judgment was not void on its face.

B.      *Extrinsic Evidence Did Not Disprove Proper Service*.

We turn, then, to whether extrinsic evidence affirmatively disproved proper service.

A judgment may be valid on its face but void due to lack of proper service, as shown by extrinsic evidence.  For example, the proof of service may be in proper form, with all the right boxes checked, even though the defendant was not actually served (or was not actually served in accordance with statutory requirements).  In that event,

---

**8**      The only legal authority that Flores offers in support of this contention is *Creditors Trade Ass'n v. Gurnani*, 2006 Cal. Super. LEXIS 5262.  As an unpublished decision by a trial court, it has no precedential value.  Even aside from this, however, it dealt with whether the plaintiff had shown sufficient diligence to support service on the Secretary of State under Corporations Code section 1702.  We repeat that substituted service does not require as much diligence.  (See *Espindola v. Nunez, supra*, 199 Cal.App.3d at pp. 1392-1393.)

14

extrinsic evidence is not only permissible but crucial.  (See *OC Interior Services, LLC v. Nationstar Mortgage, LLC* (2017) 7 Cal.App.5th 1318, 1328.)

"Under [Code of Civil Procedure] section 473, subdivision (d), the court may set aside a default judgment which is valid on its face, but void, as a matter of law, due to improper service.  [Citations.]  (*Ellard v. Conway* (2001) 94 Cal.App.4th 540, 544.)  A motion on this ground must be brought within a reasonable time.  (*Thompson v. Cook* (1942) 20 Cal.2d 564, 569; *Trackman v. Kenney*, *supra*, 187 Cal.App.4th at p. 180; *Rogers v. Silverman* (1989) 216 Cal.App.3d 1114, 1121-1122.)  It has been held that a reasonable time for this purpose is not more than two years after entry of the judgment.  (*Trackman v. Kenney*, *supra*, at p. 180.)  Flores failed to meet this deadline.

A judgment that is valid on its face is not subject to collateral attack.  (*OC Interior Services, LLC v. Nationstar Mortgage, LLC*, *supra*, 7 Cal.App.5th at p. 1328; *County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1228.)  Once the time for a direct attack has run, such a judgment can be set aside, if at all, only in an independent action in equity.  (*OC Interior Services, LLC v. Nationstar Mortgage, LLC*, *supra*, at p. 1328.)

Flores nevertheless contends that, under *County of San Diego v. Gorham*, *supra*, 186 Cal.App.4th 1215, a judgment may be set aside, on motion, at any time, based on extrinsic evidence of improper service.  The Department responds that *Gorham* is self-limited to its "unique circumstances."  (*Id.* at pp. 1221, 1234; see also *Yolo County Dept. of Child Support Services v. Myers* (2016) 248 Cal.App.4th 42, 49 [distinguishing

15

*Gorham*].)  We will assume, for the sake of argument, that (1) Flores is reading *Gorham* correctly, and (2) his reading of *Gorham* is not inconsistent with other case law.

"The filing of a proof of service that shows on its face compliance with the statutory requirements creates a rebuttable presumption of proper service.  [Citations.]" (*Yolo County Dept. of Child Support Services v. Myers*, *supra*, 248 Cal.App.4th at p. 47, fn. 2.)  This presumption affects the burden of producing evidence.  (Evid. Code, § 647.)  Thus, Flores had to introduce evidence sufficient to support a finding of improper service.  (Evid. Code, § 604.)  Even then, "the trial court was not required to accept . . . self-serving evidence contradicting the process server's declaration . . . ." (*American Express Centurion Bank v. Zara* (2011) 199 Cal.App.4th 383, 390.)

The extrinsic evidence proffered here went to two key factual issues:  (1)  Did the Department use reasonable diligence to effect personal service, and (2) as of June 30, 2008, was Complete still Flores's usual place of business?

On the first question, Flores offered no evidence that the Department had any way of finding out where he worked *other than* through the EDD.  He offered no evidence that Complete was *not* open for business when the process server attempted service.  He offered no evidence that the process server *should have known* that he did not work there, that he would not be there at 6:30 p.m. or on Saturday, or that he would be there some other time.

Flores cites the EDD records showing that his income declined from $7,072.00 in the first quarter of 2008 to $1,923.10 in the second quarter.  He argues that the

Department knew or should have known that he had been laid off.  However, the second quarter records would not have been available to the Department until sometime *after* the service was accomplished in June 2008.

On the second question, Flores represented — though not under oath — that he was unemployed from May through August 2008.  Once he was placed under oath, however, he gave conflicting testimony — first, he said his last day was in June 2008, but when prompted by his attorney, he said it was in April 2008.  He further contradicted his claim that he was unemployed throughout the May-August 2008 period by submitting evidence that he started working for Easy Turf on May 26, 2008.  The trial court could reasonably find that he was simply not credible.

Once again, Flores points to his drop in income, as shown by the EDD records.  However, the records do not establish that he was laid off.  He could have been working on a part-time or as-needed basis.

We therefore conclude that the trial court properly found that Flores had not met his burden of proof.

# IV

# DISPOSITION

The judgment is affirmed. In the interests of justice, each side shall bear its own costs. (Cal. Rules of Court, rule 8.278(a)(5).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:

MILLER

J.

FIELDS

J.