Filed 3/27/25  Cal. Capital Ins. Co. v. Hoehn CA3
Opinion on remand from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| CALIFORNIA CAPITAL INSURANCE COMPANY et al., | C092450 |
| Plaintiffs and Respondents, | (Super. Ct. No. SCV0026851) |
| v. | OPINION ON REMAND |
| CORY MICHAEL HOEHN, | |
| Defendant and Appellant. | |

In 2020, appellant Cory Michael Hoehn filed a motion to set aside a 2011 default judgment.  The trial court denied the motion, ruling it was untimely as to a theory of improper service of process, and unpersuasive as to a theory of extrinsic fraud.  This court affirmed, reasoning that Hoehn's theory of improper service was untimely under Court of Appeal precedent, and Hoehn's factual allegations regarding extrinsic fraud, even if true, did not entitle him to relief.

Our Supreme Court granted Hoehn's petition for review, and, in *California Capital Ins. Co. v. Hoehn* (2024) 17 Cal.5th 207 (*Hoehn*), abrogated and disapproved of

1

the precedent that this court followed in ruling that Hoehn's theory of improper service was untimely. (*Id.* at p. 226.) Additionally, our Supreme Court concluded Hoehn's second theory for relief encompassed a claim of extrinsic *mistake*, and it was unclear whether this court would have reached the same conclusion to affirm had we considered that component of the theory. (*Id*. at pp. 226-227.) Our Supreme Court reversed this court's decision and remanded for further proceedings. We vacated the prior decision and have reconsidered the matter without supplemental briefing on remand by the parties. (See Cal. Rules of Court, rule 8.200(b)(2).)

*Hoehn* requires reversal of the trial court's untimeliness ruling. Accordingly, we will remand the matter for the trial court to conduct further proceedings on Hoehn's motion attacking the default judgment.

## I. BACKGROUND

In March 2010, California Capital Insurance Company (Capital Insurance) filed a civil action alleging that Hoehn's negligence caused a June 2009 fire in a Roseville apartment building where Hoehn lived at the time. Pursuing a subrogation claim, Capital Insurance sought reimbursement of over $470,000 the company paid to the owner of the damaged apartment building under an insurance policy.

In April 2011, after Capital Insurance provided proof of substituted service of process on Hoehn, the trial court entered default judgment against Hoehn. The proof included a declaration under penalty of perjury by a registered California process server, stating that—on five occasions between March 27 and April 1, 2010—she attempted to serve Hoehn personally at his home in San Mateo. On the fifth unsuccessful attempt, on April 1, 2010, the process server "[s]ub-served to" Hoehn's girlfriend (a "[c]o-[o]ccupant") at the residence, as Hoehn was "not home."

The process server further declared that, the day after substituted service, she mailed copies of the complaint and summons to Hoehn at his San Mateo residence.

2

In March 2020, Hoehn moved to set aside default and default judgment, and for leave to file an answer to the 2010 complaint.[1]  Submitting a declaration in support of his motion, Hoehn argued he did "not recall seeing the [c]omplaint or [s]ummons at any time"; he "never received the [c]omplaint or [s]ummons or any legal paperwork from" his girlfriend; and that—as his girlfriend "did not live with" him—Capital Insurance "falsely claimed that [his] girlfriend . . . was a '[c]o-[o]occupant and 'member of the household' of . . . Hoehn's residence" in San Mateo in 2010.

Thus, Hoehn argued, the judgment entered against him was "void because the service of summons was not made in the manner prescribed by" Code of Civil Procedure section 415.20, subdivision (b).[2]  And pursuant to section 473, subdivision (d), Hoehn contended, the void judgment could be set aside.[3]  Separately, he argued the default judgment was void due to extrinsic fraud or mistake.

---

[1] After entry of judgment and before Hoehn filed this motion, Capital Insurance assigned its rights in connection with the judgment to Sequoia Concepts, Inc., the respondent in this appeal.

[2] Code of Civil Procedure section 415.20, subdivision (b) provides, in relevant part:  "If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served . . . a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house . . . in the presence of a competent member of the household . . . at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail . . . at the place where a copy of the summons and complaint were left."

Further undesignated statutory references are to the Code of Civil Procedure.

[3] Section 473, subdivision (d) provides:  "The court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed, and may, on motion of either party after notice to the other party, set aside any void judgment or order."

The trial court denied Hoehn's motion, ruling it: (1) was untimely with respect to the theory of improper service of process, as the judgment was facially valid; and (2) was unpersuasive on the theory of extrinsic fraud, as Hoehn "fail[ed] to demonstrate" that a "proof of service of summons misidentif[ying] [Hoehn's girlfriend] as a co-occupant" "constitute[d] extrinsic fraud."

Hoehn timely appealed.

## II. DISCUSSION

### A. Background Legal Principles

In the context of civil litigation, a fundamental requirement of due process is notice of a pending action and the opportunity to respond. "California courts have held that 'compliance with the statutory procedures for service of process is essential to establish personal jurisdiction. . . . Thus, a default judgment entered against a defendant who was not served with a summons in the manner prescribed by statute is void.' " (*Hoehn, supra*, 17 Cal.5th at p. 214.)

"Under an interlocking set of statutes and judicial rules, a party who has not been properly served (constructively or personally), or who has been constructively served but not received actual notice, has multiple avenues of relief from judgment." (*Hoehn, supra*, 17 Cal.5th at pp. 214-215.) Under section 473.5, subdivision (a), where there is a valid judgment and a party was constructively served but had no actual notice, the party may move to set aside the default judgment " 'within a reasonable time, but in no event exceeding . . . two years after entry of a default judgment against' the party." (*Hoehn, supra*, at p. 215.) Section 473, subdivision (d), by contrast, "addresses the situation where the judgment is 'void,' such as when the defendant has not been properly served." (*Hoehn, supra*, at p. 215.) Before *Hoehn*, case law reasoned that section 473.5, subdivision (a)'s two-year period governed by analogy in the context of a motion under section 473, subdivision (d). (*Hoehn, supra*, at pp. 214-215, 220 [discussing *Trackman v.*

4

*Kenney* (2010) 187 Cal.App.4th 175 and *Rogers v. Silverman* (1989) 216 Cal.App.3d 1114].)

Thus, if more than two years had passed since entry of judgment, a defendant could challenge a default judgment for improper service when—as here —the invalidity did not appear on the judgment's face, *only by filing an independent equitable action*. In *Hoehn*, our Supreme Court abrogated this case law. Now, a defendant can challenge a facially valid default judgment by filing a section 473, subdivision (d) motion (alleging improper service) in the original action, apparently at any time. (*Hoehn, supra*, 17 Cal.5th at pp. 214-216, 226; see *id.* at p. 225, fn. 10 [noting there is no time limitation for making motions to set aside a void judgment in some other states and under the Federal Rules of Civil Procedure].)

While *Hoehn* clarified the law on the "narrow[ ] . . . issue" of the time limit for filing a motion in an original action under section 473, subdivision (d), the opinion left undisturbed the proposition that there is no time limit for filing a motion in an original action to vacate a default judgment on grounds of extrinsic fraud or mistake. (*Hoehn, supra*, 17 Cal.5th at pp. 215-216.)

B.      *Analysis*

Here, rather than initiate an independent equitable action, Hoehn filed a motion in the underlying action attacking an almost nine-year-old judgment that was valid on its face.[4] The trial court ruled the motion was untimely, because it was filed more than two years after entry of judgment. *Hoehn* abrogated the legal basis of that ruling.

---

[4] Though Hoehn argued in the trial court that the judgment was "facially invalid and void for failure to serve" him with the summons and complaint, he does not reiterate that argument on appeal, and rightly so. "Leaving papers with an apparent coresident" at defendant's address "is a method of service reasonably calculated to achieve actual service, and is therefore facially valid, whether or not *actual* service is accomplished on the facts of a given case." (*Trackman v. Kenney, supra*, 187 Cal.App.4th at p. 185.)

Therefore, we reverse the trial court's ruling that Hoehn's section 473, subdivision (d) motion was untimely because it was filed more than two years after entry of judgment.

C.    *Extrinsic Fraud and Mistake*

In his original briefing, Hoehn argued the trial court abused its discretion by failing to vacate the default judgment "due to extrinsic fraud and mistake." In the original opinion, this court (1) ruled the trial court did not abuse its discretion in rejecting a claim of extrinsic fraud, and (2) declined to consider Hoehn's argument concerning extrinsic mistake, because it appeared Hoehn did not clearly advance that theory in the trial court. (*Hoehn, supra*, 17 Cal.5th at p. 226.) Our Supreme Court did not disagree with this court's reasoning rejecting Hoehn's claim of extrinsic fraud. But on the question of extrinsic mistake, our Supreme Court determined Hoehn "used the general term 'extrinsic fraud' " in his trial court briefing "to encompass both extrinsic fraud *and* extrinsic mistake." (*Ibid.*, italics added.)

The court continued: "It is unclear whether the Court of Appeal in the present case would have reached the same conclusion had it considered the merits of Hoehn's 'extrinsic fraud or mistake' claim. Some courts have interpreted the category of 'extrinsic fraud or mistake' expansively. [Citation.] We express no opinion how or whether Hoehn's extrinsic mistake claim is substantively distinct from his claim to vacate a void judgment for lack of proper service under section 473, subdivision (d). In any case, Hoehn is *free to raise in the Court of Appeal* the issue of whether the default judgment at issue here is void due to 'extrinsic fraud or mistake.' " (*Hoehn, supra*, 17 Cal.5th at pp. 226-227, italics added.)

Hoehn has not filed a supplemental brief in this court following remand despite having an opportunity to do so. (Cal. Rules of Court, rule 8.200(b).) In the absence of any additional briefing, and because Hoehn will be permitted to litigate the merits of his section 473, subdivision (d) motion on remand, we decline to reach this question. On

6

remand, the trial court may consider whatever arguments Hoehn chooses to advance on this issue.

*D.     Abandoned Claim*

In his opening brief, Hoehn raised a claim of trial court error regarding certain evidentiary rulings.  Because Hoehn abandoned this claim in his reply brief, we do not address it.

## III.  DISPOSITION

The order denying Hoehn's motion to set aside default and default judgment is reversed.  The matter is remanded for further proceedings.  Hoehn is entitled to costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


/S/

_____
RENNER, J.



We concur:

/S/

_____
HULL, Acting P. J.


/S/

_____
BOULWARE EURIE, J.